UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

                         Plaintiff,

   -against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO and GEORGE BUBARIS, individually,
                         Defendants.
------------------------------------------------------------------------x

**ANSWER**

07 Civ. 4063 (CLB)

       For the answer to the complaint of the plaintiff in the above entitled case, defendant TOWN/VILLAGE OF MOUNT KISCO, by its attorneys, SANTANGELO RANDAZZO & MANGONE LLP, say:

### NATURE OF ACTION

       1.    The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.  Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

       2.    The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

### THE PARTIES

       3.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiff's complaint.

       4.    Defendant admits the allegations contained in paragraph "4" of the

plaintiff's complaint.

5. Defendant admits the allegations contained in paragraph "5" of the plaintiff's complaint.

6. Defendant admits the allegations contained in paragraph "6" of the plaintiff's complaint that defendant George Bubaris was a police officer employed by the Village of Mt. Kisco but denies that prior to the events of April 28, 2007, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like and refers all other questions of law to this Honorable Court.

## THE FACTS

7. Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint.

8. Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint.

9. Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of plaintiff's complaint.

13. Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

## ANSWERING A FIRST CLAIM

14. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-13 of this Answer with the same force and effect as if set forth more fully at length herein.

15. Defendant denies the allegations contained in paragraph "15" of the plaintiff's complaint.

## ANSWERING A SECOND CLAIM

16. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-13 of this Answer with the same force and effect as if set forth more fully at length herein.

17. Defendant denies the allegations contained in paragraph "17" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Any conduct which is alleged by plaintiff is *de minimis* and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Any harm which came to Rene Perez was a direct and proximate result of his own actions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the Town/Village of Mount Kisco, and thus the action against the Town/Village must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Insofar as plaintiff seeks to impose liability to defendant Town/Village of Mount Kisco simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Plaintiff lacks standing to assert any Section 1983 claims on behalf of his brother.

**W H E R E F O R E,** the defendant prays judgment that the complaint of the plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to defendant.

Dated: Hawthorne, New York
       July 13, 2007

Yours, etc.,

SANTANGELO RANDAZZO & MANGONE LLP

By: _____
James A. Randazzo(0156)
Attorneys for Defendants-Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        MIRANDA, SOKOLOFF, SAMBURSKY, SLONE & VERVENIOTIS LLP
        Attorneys for Defendant-Town of Bedford
        240 Mineola Boulevard
        The Esposito Building
        Mineola, New York 11501
        (516) 741-7676

        RUTHERFORD & CHRISTIE
        Attorneys for Defendant-George Bubaris
        300 East 42nd Street
        18th Floor
        New York, New York 10017
        (212) 599-5799

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on July 13, 2007, I served the within ANSWER upon all parties, by mailing a copy thereof, postage prepaid, the address as provided to defendant by notification from this Court:

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

MIRANDA, SOKOLOFF, SAMBURSKY, SLONE & VERVENIOTIS LLP
Attorneys for Defendant-Town of Bedford
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676

RUTHERFORD & CHRISTIE
Attorneys for Defendant-George Bubaris
300 East 42nd Street
18th Floor
New York, New York 10017
(212) 599-5799

_____
JAMES A. RANDAZZO (0156)