# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

               Plaintiff,         07 Civ. (   )

    -against-

TOWN OF BEDFORD, TOWN/VILLAGE        COMPLAINT
OF MT. KISCO, and GEORGE BUBARIS,
individually,

               Defendants.         **Jury Trial Demanded**
------------------------------------------------------x

**07 CIV. 4063**

Plaintiff ANIBAL ESTEBAN JAVIER PEREZ, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants while acting under color of the laws of the State of New York, for the violation of Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff ANIBAL ESTEBAN JAVIER PEREZ is a domiciliary of the State of New York and a resident of the Northern Counties. He is a biological brother of Rene Perez who was the victim of an April 28, 2007, homicide.

4. Defendant TOWN OF BEDFORD, New York (hereinafter "Bedford") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Bedford and the co-defendant Town/Village of Mt. Kisco are contiguous and share a common border.

5. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is also a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

6. Defendant GEORGE BUBARIS (hereinafter "Bubaris"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Bubaris was on duty and in all respects acting under color of the laws of the State of New York. Prior to the events of April 28, 2007, as set forth *infra*, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like.

## THE FACTS

7. Bedford and Mt. Kisco have for a substantial period of time established and maintained a practice, policy and custom quaintly referred to in police parlance as "border dumping".

2

8. Border dumping, as routinely practiced by Bedford and Mt. Kisco by means of its police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities.

9. As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border,
>
> e. Dump the target and/or his body in the neighboring jurisdiction, and
>
> f. Return to their own jurisdiction without officially reporting their conduct.

10. On April 28, 2007, between 8:30 P.M. and 8:43 P.M. sworn members of the Bedford Police Department targeted Rene Perez, involuntarily took him into their custody, forced him into a police vehicle, without authority or permission transported him out of Bedford and dumped him at or about Route 117 and Main Street in Mt. Kisco. In

3

doing so those Police Officers were motivated by animus premised upon the target's national origin, skin color, and/or ethnicity.

11. On April 28, 2007, between 11:10 P.M. and 11:35 P.M. sworn members of the Mt. Kisco Police Department, including Bubaris, encountered and targeted Rene Perez (for the same reasons referenced in paragraph "10", *supra*) for a reciprocal act of border dumping. In that connection Rene Perez was:

    a. Struck in the abdominal area in connection with an unlawful "frisk" by Mt. Kisco police,

    b. Involuntarily taken into police custody without cause much less probable cause, thereafter,

    c. Forced into Bubaris' assigned police vehicle,

    d. Without authority or permission transported out of Mt. Kisco to a desolate location just inside the geographic boundary of Bedford (near, but just outside the geographic boundary of the Town of North Castle), and, although seriously injured due to the blow to his abdomen and in dire need of emergency medical attention,

    e. Intentionally dumped on the shoulder of Byram Lake Road.

12. Shortly thereafter his body was discovered by passers-by who, unlike Bubaris and/or Mt. Kisco, called for emergency medical assistance. As a result Rene Perez was removed to a local hospital where shortly thereafter he died - - a death now ruled by the Westchester County Medical Examiner to be a "homicide".

4

13. As a proximate result of Defendants' policy, practice, custom and conduct Plaintiff has been forced to suffer: the loss of his biological brother; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST ALL DEFENDANTS

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' intentional and/or reckless conduct, and the causally related death of Rene Perez, violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM
### AGAINST DEFENDANTS MT. KISCO
### AND BUBARIS

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

17. Under the premises Defendants' willful and/or reckless indifference to Rene Perez' dire medical condition and his need for emergency medical assistance proximately resulted in his death and the concomitant violation of Plaintiff's rights as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding as against Bedford and Mt. Kisco such compensatory damages as the jury may determine,

5

    b. Awarding as against Bubaris such compensatory and punitive damages as the jury may impose,

    c. Awarding as against all Defendants reasonable attorney's fees and costs,

    d. Declaring unconstitutional and permanently enjoining border dumping by Bedford and Mt. Kisco, and,

    e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 24, 2007

                              LOVETT & GOULD, LLP
                              By:_____
                                Jonathan Lovett (4854)
                              Attorneys for Plaintiff
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANIBAL ESTEBAN JAVIER PEREZ,

                              Plaintiffs,

-against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MT.
KISCO and GEORGE BUBARIS, individually,

                              Defendants.
------------------------------------------------------------------X

**ANSWER OF**
**TOWN OF BEDFORD**

07 Civ. 4063 (CLB)

      Defendant TOWN OF BEDFORD by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's complaint, respond as follows.

      1.     Denies the allegations contained in paragraph numbered "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      2.     Denies the allegations contained in paragraph numbered "2" of the complaint, except admits that plaintiff purports to assert jurisdiction as stated therein.

      3.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "3" of the complaint.

      4.     Denies the allegations contained in paragraph numbered "4" of the complaint, except admits that the Town of Bedford is a municipal corporation duly existing by reason of and pursuant to the laws of the State of New York.

      5.     Admits the allegations contained in paragraph numbered "5" of the complaint.

      6.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6" of the complaint.

      7.     Denies the allegations contained in paragraph numbered "7" of the complaint.

8. Denies the allegations contained in paragraph numbered "8" of the complaint.

9. Denies the allegations contained in paragraph numbered "9" of the complaint and all of its sub-parts.

10. Denies the allegations contained in paragraph numbered "10" of the complaint.

11. Denies the allegations contained in paragraph numbered "11" of the complaint as to the answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations as to the co-defendants.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "12" of the complaint.

13. Denies the allegations contained in paragraph numbered "13" of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

14. As to paragraph "14," repeats, reiterates, and realleges the denials set forth above in answer to the allegations contained in paragraphs of the complaint numbered "1" through "13."

15. Denies the allegations contained in paragraph numbered "15" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

16. As to paragraph "16", repeats, reiterates, and realleges the denials set forth above in answer to the allegations contained in paragraphs of the complaint numbered "1" through "15."

17. Denies the allegations contained in paragraph numbered "17" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:

18. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:**

19.     The plaintiff lacks standing to sue and assert the claims set forth in the complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:**

20.     At all times relevant to the acts alleged in the complaint, defendant Town of Bedford, its agents and officials, acted reasonably, properly and in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANT ALLEGES:**

21.     Any injury alleged to have been sustained resulted from the decedent's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the result of any actions of the answering defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

22.     The answering defendant has not violated any rights, privileges or immunities under the Constitution, the laws of the United States or the State of New York, nor has it violated any act of Congress providing for the protection of civil rights.

**WHEREFORE,** defendant TOWN OF BEDFORD requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
       July 18, 2007

                                      MIRANDA SOKOLOFF SAMBURSKY
                                      SLONE VERVENIOTIS LLP
                                      Attorneys for Defendant
                                      TOWN OF BEDFORD

By: _____
       Steven C. Stern (SS 2573)
       Adam I Kleinberg (AK 0468)
       240 Mineola Boulevard
       The Esposito Building
       Mineola, New York 11501
       (516) 741-7676
       Our File No.:07-414

TO:
Lovett & Gould, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605

Rutherford & Christie
Attorneys for Defendant George Bubaris
300 East 42nd Street
New York, New York 10017

Santangelo Randazzo & Mangnone LLP
Attorneys for Defendant Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532