UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANIBAL ESTEBAN JAVIER PEREZ,

                        Plaintiffs,          07 Civ. 4063 (CLB)

   -against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MT.
KISCO and GEORGE BUBARIS, individually,

                        Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TOWN OF BEDFORD'S MOTION TO DISMISS

 

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendant
TOWN OF BEDFORD
240 Mineola Blvd.
Mineola, New York 11501
(516) 741-7676
Our File No. 07-414

Of Counsel:
Steven C. Stern (SS-2573)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

ARGUMENT .................................................................................................................................3

POINT I

    PLAINTIFF DOES NOT HAVE STANDING TO MAINTAIN
    A CLAIM AGAINST THE TOWN OF BEDFORD...........................................................3

        A. PLAINTIFF LACKS STANDING TO BRING HIS BROTHER'S
           CIVIL RIGHTS CLAIM..............................................................................................3

        B. PLAINTIFF CANNOT ASSERT A CLAIM AGAINST BEDFORD FOR DENIAL OF
           A FAMILIAL RELATIONSHIP .....................................................................................5

POINT II

    PLAINTIFF CANNOT ESTABLISH THE REQUISITE PROXIMATE
    CAUSE AGAINST THE TOWN OF BEDFORD AS A MATTER OF LAW...................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

AUSA Life Ins. Co. v. Ernst & Young, 206 F.3d 202 (2d Cir.2000). ............................................ 8

Bennett v. Spear, 520 U.S. 154 S.Ct. 1154 (1997) ....................................................................... 3

Busch v. City of New York, 2003 WL 22171896 (E.D.N.Y. Sept. 11, 2003) ............................ 6,7

Butera v. District of Columbia, 235 F.3d 637 (D.C. 2001) ........................................................... 7

Caraballo v. United States, 830 F.2d 19 (2d Cir. 1987)................................................................ 9

Claybrook v. Birchwell, 199 F.3d 350 (6th Cir.2000).................................................................... 6

County Court of Ulster v. Allen, 442 U.S. 140, 99 S.Ct. 2213 (1969)........................................... 3

Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977).................................................................... 7

Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61 (1st Cir. 2004)...................... 4

Figueroa-Garay v. Municipality of Rio Grande, 364 F.Supp.2d 117 (D.P.R. 2005)....................... 5

Hall v. Neal, 2006 WL 462600 (M.D. Fla. Feb. 27, 2006)............................................................ 4

Idemudia v. Consolidated Rail Corp., 36 Fed. Appx. 558 (6th Cir. 2002) ..................................... 4

Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998)...................................................................... 4

Kelly v. Rockefeller, 69 Fed. Appx. 414 (10th Cir. 2003) .............................................................. 4

Loria v. Gorman, 306 F.3d 1271 (2d Cir. 2002)............................................................................ 8

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2136 (1992) ............................... 3

Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 559 (1980) ................................................. 9

McCurdy v. Dodd, 352 F.3d 820 (3d Cir. 2003) ........................................................................... 6

Morgan v. City of New York, 166 F.Supp.2d 817 (S.D.N.Y. 2001)............................................. 4

Natriello v. Flynn, 837 F.Supp. 17, 18 (D.Mass.1993).................................................................. 4

Noga v. City of Schenectady, 169 F.Supp.2d 83 (N.D.N.Y. 2001)............................................... 9

Ortiz v. Burgos, 807 F.2d 6 (First Cir. 1986) .................................................................................. 7

Patel v. Searles, 305 F.3d 130 (2d Cir. 2002) ................................................................................. 5

Pittsley v. Warish, 927 F.2d 3 (1st Cir. 1991) ............................................................................. 4,5

Pizzuto v. County of Nassau, 240 F.Supp.2d 203 (E.D.N.Y. 2002) ............................................... 6

Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312 (1997) ............................................................ 3

Rider v. Syracuse Rapid Transit Ry. Co., 171 N.Y. 139 (1902) ..................................................... 9

Russ v. Watts, 414 U.S. 783 (7th Cir. 2005) ................................................................................... 5

Sanchez v. Bellefeuille, 855 F.Supp. 587 (N.D.N.Y. 1994) ........................................................... 9

Self v. Perrilloux, 2004 WL 1488555 (E.D. La. July 1, 2004) ....................................................... 5

Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994) .................................................................................. 6

Taylor v. Brentwood UFSD, 143 F.3d 679 (2d Cir. 1998) ............................................................. 9

Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999) .............................................................................. 3

Trujillo v. Bd. of County Comm'rs, 768 F.2d 1186 (10th Cir. 1985) ............................................. 5

Turner v. Coughlin, 1990 WL 179008 (N.D.N.Y. Nov. 14, 1990) ................................................ 4

Valdivieso Ortiz v. Burgos, 807 F.2d 6 (1st Cir. 1986) .................................................................. 6

Zayas v. Commonwealth of Puerto Rico, 378 F.Supp.2d 13 (D. P.R. 2005) ................................. 5

**Statutes**

42 U.S.C § 1983 ........................................................................................................................... 1,3
Fed. R. Civ. P. 12(c) ....................................................................................................................... 1

**PRELIMINARY STATEMENT**

Plaintiff Anibal Esteban Javier Perez brings this action against the Town of Bedford ["Bedford"], the Town/Village of Mt. Kisco ["Mt. Kisco"], and Police Officer George Bubaris, an employee of Mt. Kisco, asserting two causes of action for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C § 1983. Only the First Cause of Action is asserted against the moving defendant, the Town of Bedford. Plaintiff's claim arises from his assertion that members of the Town/Village of Mt. Kisco police department beat his brother, Rene Perez, to death and left him to die by the side of a road. He additionally claims that, earlier in the day, Town of Bedford police officers had taken Rene Perez from the Town of Bedford to the Town/Village of Mt. Kisco, in what plaintiff characterizes as "border-dumping."

Defendant Bedford moves herein, pursuant to Fed. R. Civ. P. 12(c), to dismiss this action on two grounds: (a) plaintiff does not have standing to assert a Section 1983 claim against the Town of Bedford; and, nevertheless, (b) plaintiff cannot prove the requisite proximate cause against Bedford as a matter of law.

**STATEMENT OF FACTS[1]**

Plaintiff asserts in the complaint that Bedford and Mt. Kisco engage in policy and practice of so-called "border-dumping." He asserts that this practice involves targeting "indigent male Hispanics of Guatemalan national origin," taking them into a police vehicle, transporting them across the border to the other jurisdiction, and leaving or "dumping" them in that jurisdiction. (Compl., ¶8).

---

[1] The facts set forth in the complaint are accepted as true only for purposes of this motion, as required by Fed. R. Civ. P. 12(c).

Plaintiff asserts that on April 28, 2007, between 8:30 PM and 8:43 PM, Bedford police officers picked up plaintiff's brother, Rene Perez, in their police car and transported him to Mt. Kisco without probable cause and for discriminatory reasons. (Compl., ¶10). This constitutes the totality of the factual allegations against Bedford.

Plaintiff next asserts that, between 11:10 PM and 11:35 PM, Mt. Kisco police officers (including defendant Bubaris) separately encountered Rene Perez, struck him in the abdominal area, involuntarily took him into custody, transported him to a desolate area in Bedford (but just outside the Town of New Castle) and left him on the shoulder of Byram Lake Road. (Compl., ¶11). Plaintiff claims that, although Rene Perez was seriously injured as a result of the blow to the abdomen by Mt. Kisco police officers and in dire need of emergency medical attention, they left him by the road. (Compl., ¶11). Shortly afterwards, he was discovered by local passers-by, and was removed to a local hospital where he died from the injuries allegedly caused by the Mt. Kisco police officers. (Compl., ¶12).

Plaintiff claims that he has been forced to suffer "the loss of his biological brother, emotional upset, anxiety, fear, and has otherwise been rendered sick and sore." (Compl., ¶13). There is no allegation that the Town of Bedford played any role in the beating of Rene Perez that allegedly caused his death, or thereafter transporting him to Byram Lake Road.

The estate of Rene Perez is not a plaintiff in this action.

2

## ARGUMENT

## POINT I

## PLAINTIFF DOES NOT HAVE STANDING TO MAINTAIN A CLAIM AGAINST THE TOWN OF BEDFORD.

Standing implicates the Court's jurisdiction under the case or controversy 'bedrock requirement' of Article III, section 2 of the United States Constitution. Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 2317 (1997). "The standing inquiry focuses on whether the plaintiff is the proper party to bring this suit." Raines, 521 U.S. at 818. The case or controversy requirement is "immutable," Bennett v. Spear, 520 U.S. 154, 117 S.Ct. 1154 (1997), and is the "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). Article III requires a plaintiff to demonstrate first that he has suffered an injury in fact, an invasion of a legally protected interest that is both concrete and particularized and actual or imminent. Id. Second, he must demonstrate a causal connection between the injury and the conduct about which he complains such that a favorable court decision would likely redress or remedy the injury. Id. The plaintiff has neither suffered an injury in fact at the hands of the Town of Bedford, nor can he demonstrate a causal connection between the alleged conduct by the Town of Bedford and his injury – the loss of his brother.

### A. PLAINTIFF LACKS STANDING TO BRING HIS BROTHER'S CIVIL RIGHTS CLAIM

To prevail in an action under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right, privilege, or immunity secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; see also Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). It is axiomatic that a party does not have standing to assert the rights of others who are not parties to the action. See County Court of Ulster v. Allen, 442 U.S. 140, 154-63, 99 S.Ct. 2213 (1969).

3

More particularly, individuals lack standing to assert civil rights claims on behalf of family members. See Kelly v. Rockefeller, 69 Fed. Appx. 414 (10th Cir. 2003) (plaintiff lacked standing to bring mother's civil rights claims); Idemudia v. Consolidated Rail Corp., 36 Fed. Appx. 558 (6th Cir. 2002) ("a plaintiff must assert her own rights and not solely those of a third party); Judge v. City of Lowell, 160 F.3d 67, 76 (1st Cir. 1998) *overruled on other grounds*, Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 58 (1st Cir. 2004).

In Morgan v. City of New York, 166 F.Supp.2d 817 (S.D.N.Y. 2001), a mother brought a Section 1983 claim on behalf of her daughter based upon allegations that her daughter was not treated fairly in school. The Court rejected the mother's claim, on the grounds that she lacked standing, holding:

> "[t]o prevail in an action brought under § 1983 a plaintiff must show that he or she was deprived of a right, privilege or immunity secured by the Constitution or laws of the United States." *Natriello v. Flynn,* 837 F.Supp. 17, 18 (D.Mass.1993). Further, "only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim." *Id.* at 19 (quoting *Pittsley v. Warish,* 927 F.2d 3, 8 (1st Cir.1991)). There is no indication that Angela Morgan suffered any harm other than emotional distress due to the alleged discrimination against her daughter. Because emotional distress does not constitute a violation of a federally protected constitutional right, Angela Morgan's claim under § 1983 is dismissed. *See Burrow,* 929 F.Supp. at 1208. (holding that suffering emotional distress does not constitute a violation of a federally guaranteed right).

Id. at 819.

Other District Courts are in accord. See Turner v. Coughlin, 1990 WL 179008 (N.D.N.Y. Nov. 14, 1990) (inmate does not have standing to assert Section 1983 claims on behalf of family members subjected to correctional facility's photograph identification program); Hall v. Neal, 2006 WL 462600 (M.D. Fla. Feb. 27, 2006) (plaintiff lacks standing to bring Section 1983 action on behalf of family members for unlawful search, false imprisonment and Eighth Amendment

violations); Figueroa-Garay v. Municipality of Rio Grande, 364 F.Supp.2d 117 (D.P.R. 2005) (family members have no standing to assert Section 1983 claims – "only the party whose civil rights have been violated may bring a claim pursuant to that Section") (citing Judge, *supra*, and Pittsley v. Warish, 927 F.2d 3, 8 (1st Cir. 1991) ("only the person toward whom the state action was directed, and not those incidentally affected, may maintain a § 1983 claim")); Zayas v. Commonwealth of Puerto Rico, 378 F.Supp.2d 13 (D. P.R. 2005) (same); Self v. Perrilloux, 2004 WL 1488555 (E.D. La. July 1, 2004) (inmate's family members "are completely without standing to pursue a civil rights claim on his behalf").

B. **PLAINTIFF CANNOT ASSERT A CLAIM AGAINST BEDFORD FOR DENIAL OF A FAMILIAL RELATIONSHIP**

Only in rare circumstances have courts recognized a constitutional right on behalf of the family members of an individual whose rights are alleged to have been violated. Such claims, characterized as the denial of a "familial relationship" or "intimate association," have been recognized in Section 1983 cases in which the defendants directly interfere with relationships among family members. See Patel v. Searles, 305 F.3d 130 (2d Cir. 2002). Courts within this Circuit and Circuit Courts throughout the country have strictly limited such claims to those that interfere with the custodial relationships between parents and children.

In fact, "[m]ost courts that have considered the issue have expressly declined to find a violation of the familial liberty interest where the state action at issue was not aimed specifically at interfering with the relationship." Russ v. Watts, 414 U.S. 783, 787 (7th Cir. 2005), *cert. denied*, 546 U.S. 1094, 126 S.Ct. 1065 (2006) (parents have no constitutional right to recover for loss of society and companionship of son shot by police) (citing Trujillo v. Bd. of County Comm'rs, 768 F.2d 1186, 1190 (10th Cir. 1985) (§ 1983 action for wrongful death of son and

5

brother in state custody properly dismissed because plaintiffs did not allege that defendants intended to deprive them of protected relationship with the decedent); Valdivieso Ortiz v. Burgos, 807 F.2d 6, 9 (1st Cir. 1986) (declining to find violation of substantive due process right based on government action causing only an "incidental deprivation" of relationship between appellants and their adult relative allegedly beaten to death by guards while in prison); McCurdy v. Dodd, 352 F.3d 820, 830 (3d Cir. 2003) (father could not recover for deprivation of relationship with his son shot by police because police action was not "directed at the parent-child relationship"); Claybrook v. Birchwell, 199 F.3d 350, 357-58 (6th Cir.2000) (adult children whose father was shot by police officers could bring action under § 1983 only as administrators of father's estate, not for collateral injuries suffered by themselves personally); Shaw v. Stroud, 13 F.3d 791, 804-05 (4th Cir. 1994) (declining to recognize wife and minor child's Fourteenth Amendment claim for loss of love and support of their husband and father after he was shot by police officer).

      The issue, as it relates to the facts of this case, was directly addressed by the Eastern District of New York in two Section 1983 Fourteenth Amendment excessive force cases, Pizzuto v. County of Nassau, 240 F.Supp.2d 203 (E.D.N.Y. 2002) and Busch v. City of New York, 2003 WL 22171896 (E.D.N.Y. Sept. 11, 2003). Both cases involved suits brought for the intentional wrongful deaths of family members at the hands of police or correction officers. Both Courts found that the parents of the adult decedents had *no* claim for denial of a familial relationship. Both cases expressly rejected the application of Patel to situations in which the decedent was an adult and in which there was no direct attempt by the defendants to interfere with the familial relationship.

In Pizzuto, the decedent, Thomas Pizzuto, was an inmate who was allegedly beaten to death by correctional officers at the Nassau County Correctional Center. 240 F.Supp.2d 203. In addition to the beating itself, the plaintiffs claimed that the defendant County of Nassau and its employees engaged in a plan to cover up the beating and prevent the family from learning the cause of Thomas Pizzuto's death. Id. Thomas Pizzuto's parents brought suit alleging, *inter alia*, the denial of their right to intimate association under the Fourteenth Amendment's Due Process Clause. The Court, noting that the Second Circuit has "invoked the right to companionship *only* where custodial relationships are involved," declined to extend a cause of action to the parents of the adult decedent. Id. at 210 (emphasis supplied) (citing Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977)). The Court determined that the Supreme Court's familial privacy jurisprudence establishing constitutional protection for various aspects of family life "falls short" of establishing that the decedent's parents were deprived of a liberty interest in the death of their son. Id. at 212 (citing Ortiz v. Burgos, 807 F.2d 6 (First Cir. 1986) and Butera v. District of Columbia, 235 F.3d 637 (D.C. 2001)). The Court agreed with the holding in Ortiz (involving claims by decedent's parents and *brother*) that a parent's right to companionship is only violated by acts that directly interfere with the parent-child relationship. Pizzuto, 240 F.Supp.2d at 211.

The Court in Busch v. City of New York, 2003 WL 22171896, agreed with Pizzuto. In Busch, the plaintiffs were the parents of a 31 year old man with a history of emotional and psychiatric problems, who was shot and killed by police officers in an encounter outside of his home. The Court adopted the reasoning in Pizzuto, holding that the decedent's parents did not have a cause of action for interference with their familial relationship with their adult son.

The plaintiff at bar fails to set forth a viable cause of action for interference with a familial relationship. First of all, the decedent was his brother, not even his child. There was no

7

"custodial relationship," much less an allegation that defendants in any way directly interfered with that relationship. Plaintiff's claim should be dismissed for the same reasons set forth in Pizzuto and Busch.

More significantly, <u>plaintiff does not allege that the Town of Bedford directly caused his death</u>. Rather, plaintiff asserts that the Town of Bedford simply transported him to the Town/Village of Mt. Kisco, and that, later that evening, Mt. Kisco police officers intentionally caused his death. In other words, the only constitutional violation asserted against Bedford relates to his alleged unconstitutional transport from Bedford to Mt. Kisco earlier in the evening. As set forth in Point I(A) above, plaintiff has no standing to assert such a claim.

Because the actions of the Town of Bedford, as alleged in the complaint, could not have possibly interfered with plaintiff's familial relationship with his brother, the claim against the Town of Bedford must be dismissed.

## POINT II

### PLAINTIFF CANNOT ESTABLISH THE REQUISITE PROXIMATE CAUSE AGAINST THE TOWN OF BEDFORD AS A MATTER OF LAW.

Plaintiff's claim must be dismissed because the actions of the Town of Bedford, as pled, did not proximately cause his injuries. "[I]n all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury." Loria v. Gorman, 306 F.3d 1271 (2d Cir. 2002). "The purpose of the proximate cause requirement is to fix a legal limit on a person's responsibility, even for wrongful acts." AUSA Life Ins. Co. v. Ernst & Young, 206 F.3d 202, 215 (2d Cir.2000).

"The Supreme Court consistently has refused to impose § 1983 liability upon defendants where the causal connection between their conduct and the constitutional injury is remote rather

8

than direct." Taylor v. Brentwood UFSD, 143 F.3d 679 (2d Cir. 1998) (citing Martinez v. California, 444 U.S. 277, 285, 100 S.Ct. 553, 559 (1980) (not every injury in which a state official has played some part is actionable under Section 1983)).

"Proximate cause is defined as a cause 'which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred.'" Caraballo v. United States, 830 F.2d 19, 22 (2d Cir. 1987) (quoting Rider v. Syracuse Rapid Transit Ry. Co., 171 N.Y. 139, 147 (1902)). "The test for proximate cause is whether the defendant's actions or his failure to act were 'substantial factor[s] in the sequence of causation and whether the injury is reasonably foreseeable or anticipated as a natural consequence' of the defendant's actions or his failure to act." Noga v. City of Schenectady, 169 F.Supp.2d 83 (N.D.N.Y. 2001) (citing Sanchez v. Bellefeuille, 855 F.Supp. 587, 595 (N.D.N.Y. 1994)).

Plaintiff asserts that police officers from the Town of Bedford transported Rene Perez to a location within Mt. Kisco between 8:30 PM and 8:43 PM on the night of his death. Plaintiff asserts that, between 11:10 PM and 11:35 PM, police officers from Mt. Kisco, including defendant Bubaris, struck Rene Perez in the abdominal area, forced him into a police car, and left him on the side of a desolate road to die. Assuming the truth of plaintiff's allegations, the Town of Bedford had nothing to do with plaintiff's death. Transporting plaintiff to Mt. Kisco (or even "border-dumping," as plaintiff characterizes it) is not tantamount to homicide. Transporting Rene Perez from Bedford to Mt. Kisco was neither a substantial factor in causing his death, nor was it a reasonably foreseeable consequence of the Town of Bedford's actions. Even assuming that the plaintiff can state a cause of action for denial of a familial relationship based upon his brother's death (which the movant denies), it was clearly not proximately caused by an act of the Town of Bedford.

Because the Town of Bedford did not proximately cause the death of Rene Perez, plaintiff fails to state a cause of action against Town of Bedford.

## CONCLUSION

For the foregoing reasons, defendants respectfully submit that this action should be dismissed in its entirety, together with such further relief as it deems just and proper.

DATED:   Mineola, New York
         August 23, 2007

>                MIRANDA SOKOLOFF
>                SAMBURSKY SLONE VERVENIOTIS LLP
>                Attorneys for Defendant
>                TOWN OF BEDFORD
>
>                *[signature]*
>
>         By:    STEVEN C. STERN (SS 2573)
>                240 Mineola Blvd.
>                Mineola, New York 11501
>                (516) 741-7676
>                Our File No. 07-414