UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANIBAL ESTEBAN JAVIER PEREZ,           **ECF CASE**

                Plaintiff,          07 CIV 4063 (CLB)

    -against-          **ANSWER WITH JURY DEMAND**

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

                Defendants.
----------------------------------------------------------------X

Defendant, GEORGE BUBARIS, individually, by and through his attorneys, **RUTHERFORD & CHRISTIE, LLP,** as and for his Answer to the Complaint of the plaintiff herein, respectfully set forth as follows, upon information and belief:

## NATURE OF THE ACTION

FIRST: Denies each and every allegation contained in the paragraph designated as "1" of the plaintiff's Complaint and refers all questions of law to this Honorable Court.

## JURISDICTION

SECOND: Denies each and every allegation contained in the paragraph designated as "2" of the plaintiff's Complaint and refers all questions of law to this Honorable Court.

NINTH: Denies each and every allegation contained in the paragraph designated as "9" of the plaintiff's Complaint.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the plaintiff's Complaint.

ELEVENTH: Denies each and every allegation contained in the paragraph designated as "11" of the plaintiff's Complaint.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the plaintiff's Complaint.

THIRTEENTH: Denies each and every allegation contained in the paragraph designated as "13" of the plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM AGAINST ALL DEFENDANTS

FOURTEENTH: In response to paragraph "14," defendant repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs designated as "1" through "13" in the plaintiff's Complaint with the same force and effect as if set forth herein at length.

FIFTEENTH: Denies each and every allegation contained in the paragraph designated as "15" in the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM AGAINST DEFENDANTS MT. KISCO AND BUBARIS

SIXTEENTH: In response to paragraph "16," defendant repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs designated as "1" through "15" in the plaintiff's Complaint with the same force and effect as if set forth herein at length.

SEVENTEENTH: Denies each and every allegation contained in the paragraph designated as "17" in the plaintiff's Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff and/or decedent. Should it be found, however, that the defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each are found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: Upon information and belief, plaintiff's economic loss, if any, as specified

in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering defendant had no control or right to exercise such control.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: The Complaint fails to state a cause of action, either under Federal law or State law, upon which relief can be granted against the answering defendants.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: If the answering defendant is found liable, and such liability is less than or equal to 50% of the total liability of all persons and/or entities who may be found liable, then the answering defendant's liability shall be limited to his equitable share, pursuant to Article 16 of the CPLR.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: That the answering defendant enjoys a qualified immunity with respect to those acts that are performed pursuant to his duties and responsibilities as a police officer in the State of New York.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Plaintiffs' claims for punitive damages violates, and is therefore barred by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violates the Equal Protection Clause of the Fourteenth Amendment of the Unites States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or

similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Plaintiffs' claim for punitive damages violates, and is therefore barred by the following provisions of the Constitution of the State of New York, N.Y. Const. Art. I, §5, N.Y. Const. art. I, §6, N.Y. Const. Art. I, §6 and N.Y. Const. Art. I, §12, on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d) The procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the amount of award of punitive damages;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h) The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of the law; and

(i) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: That defendant's conduct did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and he had an objectively reasonable belief that his conduct did not violate plaintiff's and/or decedent's rights.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The answering defendant did not act maliciously or with ill will toward the plaintiff and/or decedent.

### AS AND FOR AN ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A TWELFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: The plaintiff lacks standing to sue and assert the claims set forth in the complaint.

### AS AND FOR A THIRTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly and in the lawful exercise of his discretion. Therefore, he is entitled to governmental immunity from liability.

### AS AND FOR AN FOURTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Any injury alleged to have been sustained resulted from the decedent's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the result of any actions of the answering defendant.

### AS AND FOR A FIFTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: The answering defendant has not violated any rights, privileges or immunities under the Constitution, the laws of the United States or the State of New York, nor has it violated any acts of Congress providing for the protection of civil rights.

WHEREFORE, defendant GEORGE BUBARIS, I demand judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
July 26, 2007

                                  Respectfully submitted,

                                  RUTHERFORD & CHRISTIE, LLP

                      By: _____
                               Lewis R. Silverman (LS 9723)
                               Attorneys for Defendant,
                               GEORGE BUBARIS
                               300 East 42nd Street, 18th Floor
                               New York, New York 10017
                               (212) 599-5799

TO:    LOVETT & GOULD, LLP
         Attorneys for Plaintiff
         222 Bloomingdale Road
         White Plains, New York 10605
         (914) 428-8401
         Attention: Jonathan Lovett, Esq.

         MIRANDA, SOKOLOFF, SAMBURSKY,
           SLONE & VERVENIOTIS LLP
         Attorney for Co-Defendant-Town of Bedford
         240 Mineola Boulevard
         The Esposito Building
         Mineola, New York 11501
         (516) 741-7676
         Attention: Steven C. Stern, Esq.

         SANTANGELO RANDAZZO & MANGNONE LLP
         Attorney for Co-Defendant Town/Village of Mount Kisco
         151 Broadway
         Hawthorne, New York 10532
         (914) 741-2929
         Attention: James A. Randazzo, Esq.

TO: LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
Attention: Jonathan Lovett, Esq.

MIRANDA, SOKOLOFF, SAMBURSKY,
  SLONE & VERVENIOTIS LLP
Attorney for Co-Defendant-Town of Bedford
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Attention: Steven C. Stern, Esq.

SANTANGELO RANDAZZO & MANGNONE LLP
Attorney for Co-Defendant Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Attention: James A. Randazzo, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2007, a copy of the within **ANSWER WITH JURY DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND RULE 7.1 DISCLOSURE STATEMENT** was furnished via Regular Mail to LOVETT & GOULD, LLP, 222 Bloomingdale Road, White Plains, New York 10605, Attention: Jonathan Lovett, Esq., MIRANDA, SOKOLOFF, SAMBURSKY, SLONE & VERVENIOTIS LLP, 240 Mineola Boulevard, The Esposito Building, Mineola, New York 11501, Attention: Steven C. Stern, Esq. and SANTANGELO RANDAZZO & MANGNONE LLP, 151 Broadway, Hawthorne, New York 10532, Attention: James A. Randazzo, Esq.

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)