UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ANIBAL ESTEBAN JAVIER PEREZ,                          **ECF CASE**

                              Plaintiff,              **07 CIV 4063 (CLB)**

          -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

                              Defendants.
-----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AND FOR A STAY


*Of Counsel:    Lewis R. Silverman*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................ ii

**PRELIMINARY STATEMENT** ........................................................................ 1

**STATEMENT OF FACTS** ................................................................................ 1

**PROCEDURAL POSTURE** .............................................................................. 2

**STANDARD OF REVIEW** ................................................................................ 2

**ARGUMENT** ...................................................................................................... 3

POINT I

Right of Familial Privacy ...................................................................................... 3

POINT II

Qualified Immunity ................................................................................................ 7

POINT III

This Action Should Be Stayed .............................................................................. 9

     A.    Overlap Of The Issues And Status Of Criminal Case............................. 10

     B.    Private Issues And Prejudice To The Parties.......................................... 10

     C.    The Court's Interests............................................................................... 11

     D.    Public Interest......................................................................................... 11

     E.    Balance Of The Factors.......................................................................... 11

**CONCLUSION**.................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases:**

Anderson v. Creighton,
    483 U.S. 635, 639 (1987)..................................................................... 7

Benitz v. Wolff,
    985 F.2d 662, 666 (2d Cir. 1993)......................................................... 7

Bolt v. Elec. Inc. v. City of New York,
    53 F.3d 465, 469 (2d Cir. 1995)........................................................... 3

Busch v. City of New York,
    2003 WL 22171896 (E.D.N.Y. 2003; J. Johnson).....................................5, 6, 8

Butera v. District of Columbia,
    233 F.3d 637 (D.C. 2001)............................................................... 5, 6

Duchesne v. Sugarman,
    566 F.2d 817 (2nd Cir. 1977)............................................................. 5

Gindi v. Silvershein,
    1995 WL 347397 (S.D.N.Y.1995)......................................................... 3

Harlow v. Fitzgerald,
    457 U.S. 800, 818 (1982)................................................................. 7

Hirsch v. Arthur Andersen Co.,
    72 F.3d 1085, 1088 (2d Cir. 1995)....................................................... 3

Hishon v. King & Spaulding,
    467 U.S. 69, 73, (1984).................................................................. 3

H.J. Inc. v. Northwestern Bell Tel. Co,
    492 U.S. 229, 249-50, (1989)............................................................ 3

Kaminsky v. Rosenblum,
    929 F.2d 922, 925 (2d Cir. 1991).........................................................7

Mitchell v. Forsyth,
     472 U.S. 511, 526 (1985)........................................................................................7

Morgan v. City of New York,
     166 F.Supp.2d 817 (S.D.N.Y. 2001)...................................................................... 3

Ortiz v. Burgos,
     807 F.2d 6 (1st Cir. 1986)..................................................................................5, 6

Parker v. Dawson,
     2007 WL 2462677 (E.D.N.Y., August 20, 2007)..................................................9

Patel v. Searles,
     305 F.3d 130 (2d Cir. 2002)......................................................................... 4, 5, 8

Pizzuto v. County of Nassau,
     240 F. Supp.2d 203, 209 (E.D.N.Y. 2002)........................................................ 4, 5, 6

Russ v. Watts,
     414 F.3d. 783, 787 (7th Cir. 2005)...................................................................... 4

Volmar Distributors, Inc. v. New York Post Co., Inc.,
     152 F.R.D. 36, 39 (S.D.N.Y. 1993).....................................................................9

Ying Jing Gan v. The City of New York,
     966 F.2d 522, 531 (2d Cir. 1993)....................................................................... 7

**Statutes, Rule & Regulations**

Rule 12(c) of the Federal Rules of Civil Procedure

## PRELIMINARY STATEMENT

Defendant, George Bubaris, by and through his attorneys, RUTHERFORD & CHRISTIE, LLP, respectfully submits this Memorandum of Law in support of his Motion to Dismiss plaintiff's Complaint pursuant to Rule 12[c] of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. Alternatively, in the event that the Court denies the motion to dismiss, a stay of this matter pending resolution of the criminal charges against Mr. Bubaris is respectfully requested. Also submitted in support of the instant motion is the Declaration of Lewis R. Silverman.

## STATEMENT OF FACTS

For the purposes of this motion, the following facts alleged in the plaintiff's Complaint are assumed to be true, but this in no way signifies that defendant accepts their truth. The plaintiff is the brother of Rene Perez (hereinafter "decedent"), who died on April 28, 2007 after being found unconscious on the side of a roadway in Bedford, New York near the border with the Town of North Castle. See Exhibit "A," Plaintiff's Complaint, ¶¶ 3, 11, 12. The plaintiff sues on his own personal behalf only and makes no claims on behalf of the decedent's estate and no representative of the estate has yet been appointed. See generally Exhibit "A," Plaintiff's Complaint.

According to the pertinent allegations of the plaintiff's Complaint, on April 28, 2007 Mr. Bubaris and/or other members of the Mt. Kisco Police Department took the decedent into custody, struck him in the abdominal area and transported him outside of Mt. Kisco to intentionally dump him on the shoulder of Byram Lake Road. See Exhibit "A," Plaintiff's

*(1)*

Complaint, ¶¶ 11, 12. Plaintiff further alleges that the decedent was seriously injured by the Mt.

Kisco Police and that the Mt. Kisco Police Officers did nothing to assist him. <u>See</u> Exhibit "A,"

Plaintiff's Complaint, ¶ 17. The plaintiff's Complaint contains two causes of action, both of

which allege violation of the plaintiff's Fourteenth Amendment rights. <u>See</u> Exhibit "A,"

Plaintiff's Complaint, ¶¶ 14, 14, 16, 17.


## PROCEDURAL POSTURE

The plaintiff filed his Complaint on May 24, 2007 and all defendants have joined issue.

To date, the decedent's estate has not filed its own Complaint nor has it been substituted as the

plaintiff here. Since the filing of this action in May, various law enforcement agencies have

investigated the decedent's death. On September 6, 2007, a Westchester County Grand Jury

Indictment of Mr. Bubaris was unsealed. Mr. Bubaris has plead not guilty to the charges and is

currently awaiting trial. By a prior order of this Court, Mr. Bubaris's deposition has been stayed,

but all other discovery has been permitted to proceed in accordance with the Court's Scheduling

Order of July 20, 2007. <u>See</u> Docket Entry No. 9 and Minute Entry dated July 20, 2007.

The Town of Bedford has filed a motion pursuant to Rule 12( c) of the Federal Rules of

Civil Procedure. The Town of Bedford's arguments for dismissal and the case law cited therein

are adopted and incorporated herein.


## STANDARD OF REVIEW

A motion to dismiss under Rule 12[c] of the Federal Rules of Civil Procedure should be

granted for failure to state a claim if "it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations." <u>H.J. Inc. v. Northwestern Bell Tel.</u> <u>Co.,</u> 492 U.S. 229, 249-50, (1989), *quoting,* <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, (1984). The district court should grant a motion to dismiss, after viewing plaintiff's allegations in a favorable light, if, as at bar, it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Bolt v. Elec. Inc. v. City of New</u> <u>York,</u> 53 F.3d 465, 469 (2d Cir. 1995); <u>see also</u>, <u>Gindi v. Silvershein</u>, 1995 WL 347397 (S.D.N.Y.1995). In general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>see</u> <u>Hirsch v. Arthur</u> <u>Andersen Co.,</u> 72 F.3d 1085, 1088 (2d Cir. 1995).

## **ARGUMENT**

### **POINT I**

### **RIGHT OF FAMILIAL PRIVACY**

It is clear that, to the extent that the plaintiff seeks to recover based on alleged violation of the decedent's own, individual civil rights, he does not have standing to assert such claims. <u>See e.g.</u>, <u>Morgan v. City of New York</u>, 166 F.Supp.2d 817 (S.D.N.Y. 2001). Thus, any argument based on the allegation in the plaintiff's Second Cause of Action that the defendants' "willful and/or reckless indifference to" the decedent's medical condition caused his death may not be asserted by Plaintiff because he has no standing to assert such claims.   <u>See</u> Exhibit "A," Plaintiff's Complaint, ¶¶ 16, 17.

The issue in this case and to be decided as a matter of law on this motion, therefore, is whether the decedent's death as alleged by plaintiff constitutes a violation of the plaintiff's

Fourteenth Amendment substantive due process rights. The crux of the plaintiff's claim is that the defendants caused his brother's death resulting in the deprivation of his Constitutional right that has been variously described as the right to "familial privacy," "familial association" or "intimate association."

The source of the right allegedly violated in this case is the due process clause of the Fourteenth Amendment. These claims are analyzed under the "Court's Fourteenth Amendment substantive due process jurisprudence." Pizzuto v. County of Nassau, 240 F. Supp.2d 203, 209 (E.D.N.Y. 2002)(citations omitted). Most that courts have addressed the Fourteenth Amendment-based constitutional right of familial privacy or intimate association have largely limited viable claims to cases involving custodial relationships between parents and minor children.

In Patel v. Searles, 305 F.3d 130 (2d Cir. 2002), the Second Circuit addressed the right to familial privacy. The Patel Court noted that the constitutional right of intimate association has been "clearly recognized in a general way by the Supreme Court and in scholarly writings [but] all of its boundaries have not yet been fixed." Id. at 133. Moreover, most Circuit Courts of Appeal around the country have held that there is no violation of the "familial liberty interest where the state action at issue was not aimed specifically at interfering with the relationship." Russ v. Watts, 414 F.3d. 783, 787 (7th Cir. 2005).

The plaintiff in Patel alleged that police officers purposely disseminated false information about him to his family members so that they would make accusations against him. See Patel, 305 F.3d at 134. The Second Circuit did not address whether intent was a necessary element of the claim and this appears to be an open question in this Circuit. Id. at 137. The court held that

*(4)*

the plaintiff had sufficiently plead a claim based on deprivation of the right of familial association, but noted that it was unnecessary to rule on whether intent was a necessary element because it found that the allegations there were sufficient to prove that the conduct was intentionally directed at the family. Id.  In this case, there is no allegation whatsoever that Mr. Bubaris intentionally directed his conduct at the plaintiff and all of the allegations relate to conduct directed to the decedent only.

After Patel, two courts in the Eastern District of New York addressed the familial privacy issue. See Busch v. City of New York, 2003 WL 22171896 (E.D.N.Y. 2003; J. Johnson); Pizzuto v. County of Nassau, 240 F. Supp.2d 203 (E.D.N.Y. 2002).  Both cases held that parents of an adult child living alone had no claim for denial of the right to a familial relationship. Furthermore, the Supreme Court and the Second Circuit have "invoked the right to companionship only where custodial relations are involved." Pizzuto, 240 F.Supp. at 210 (citing Duchesne v. Sugarman, 566 F.2d 817 (2nd Cir. 1977)).   Clearly, there is no claim for custodial relations present here.

In Pizzuto, the court held that the parents of an inmate who was allegedly beaten to death by corrections officers did not have a liberty interest in the companionship of their son. See Pizzuto, 240 F.Supp. at 205-07.  The court held that "a parent has no constitutionally protected liberty interest in preserving an intimate family relationship with an independent adult child who lives separately from his parents." Id.  at 208. In a footnote, the court also indicated that it would find the same way for any siblings, such as here. Id. at 208, f.n. 1.

In support of its holding, the court in Pizzuto cited cases from other jurisdictions, such as Ortiz v. Burgos, 807 F.2d 6 (1st Cir. 1986) and Butera v. District of Columbia, 233 F.3d 637

(D.C. 2001) (both <u>Ortiz</u> and <u>Butera</u> involved the deaths of adult children allegedly caused by law enforcement agencies). Citing <u>Ortiz</u>, the court stated that a "parent's right to companionship is only violated by acts that directly interfere with the parent-child relationship." <u>Pizzuto</u>, 240 F.Supp. at 211. <u>Butera</u> similarly held that there is no "constitutional liberty interest in a parent's relationship with her adult son." <u>Id.</u> at 212 (quoting <u>Butera</u>, 235 F.3d at 655.)

In <u>Pizzuto</u>, the court concluded that the right to familial privacy may be found <u>only</u> where there is an allegation that the defendants took actions that *were purposefully intended to interfere with the familial relationship.* <u>See</u> <u>Pizzuto</u>, 240 F.Supp. at 213. <u>Busch</u> agreed the "reasoned analysis of Judge Garaufis in <u>Pizzuto</u> . . ." holding that parents of a thirty-one year old man killed by the police did not have a valid cause of action for interference with the familial relationship. 2003 WL 22171896.

Based on the above, Plaintiff, as an adult sibling of the adult decedent who did not reside with him, does not have a constitutionally protected liberty interest in familial association with his brother and the Complaint should be dismissed with prejudice. The Complaint does not allege any type of "custodial relationship." Furthermore, there is no allegation at all that the defendants took any actions that were intentionally directed to interfere with the plaintiff's familial relationship with the decedent. All of the allegations of the plaintiff's Complaint specifically and unequivocally relate only to interactions between the decedent and the defendants on the night of April 28, 2007 and consequently, are not sufficient to state a claim for deprivation of the right to familial privacy.

## POINT II

## QUALIFIED IMMUNITY

Public officials, including police officers, are shielded by qualified immunity from liability for damages that relate to their performance of their official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   The availability of the defense turns on the "objective legal reasonableness" of the allegedly unlawful action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987)(quoting Harlow, 457 U.S. at 818-19); See Benitz v. Wolff, 985 F.2d 662, 666 (2d Cir. 1993); Ying Jing Gan v. The City of New York, 966 F.2d 522, 531 (2d Cir. 1993).  Even if the constitutional right in question is clearly established, a government actor may still be shielded by qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991).

The principle of qualified immunity is "an immunity from suit rather than the mere defense to liability; and like absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  In Anderson, the Supreme Court held that qualified immunity questions should be resolved at the earliest possible stage of litigation, "either in a motion to dismiss, or, after limited discovery on a limited question of objective reasonableness of the challenged action, in a motion for summary judgment." Anderson, 483 U.S. at 646, n. 6.

As discussed in detail above, as a matter of law, none of the plaintiff's rights were violated by any actions alleged against Mr. Bubaris. On that basis, the Complaint should be dismissed. In the event, however, that the court finds that the plaintiff may have had a right to familial privacy, that right to familial privacy of adult siblings is not clearly established.  In fact, in Busch, the court noted that "the Second Circuit has not decided the validity of this cause of action under Section 1983 and there is a split of authority in other circuits." See Busch, 2003 WL 22171896.  The boundaries of the right, such as whether it extends to adult siblings who do not live together, have not clearly been fixed, and are not "clearly established." See Patel, 305 F.3d at 133.  Clearly, there is considerable debate in the courts concerning the extent and reach of the familial association right.

As it relates to the case at bar, no argument is made at this juncture as to whether the allegations of misconduct here sufficiently plead a violation of the **decedent's rights**.  As the case is presently constituted, the focus of this case is the plaintiff's civil rights, not any rights of the decedent.  As discussed above, the plaintiff has no standing to assert claims for violations of his brother's rights. Mr. Bubaris is entitled to qualified immunity as a matter of law under the facts of this case because the alleged "familial association" right of the plaintiff, the decedent's adult brother, has not been clearly established under the law of the Second Circuit.

Thus, even if Mr. Bubaris arguably violated the decedent's rights (which is denied), his alleged actions did not clearly violate the plaintiff's separate rights. Thus, because, as a matter of law familial privacy rights were not clearly established, the first prong of the qualified immunity test is met and the Complaint by the plaintiff should be dismissed against Mr. Bubaris based on the doctrine of qualified immunity.

*(8)*

## POINT III

## THIS ACTION SHOULD BE STAYED

Mr. Bubaris is currently the defendant in a criminal matter in Westchester County Court arising from the same set of factual allegations made in the case at bar.  An indictment has been unsealed charging him with Manslaughter in the Second Degree, Unlawful Imprisonment and two counts of Official Misconduct.  Apparently, the indictment charges Mr. Bubaris with exposing the decedent to a risk of serious physical injury and recklessly causing his death while on duty as a Mt. Kisco Police Officer.

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action."  Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (citations omitted). To consider whether a stay is appropriate, several general factors have been developed and considered by the courts. Most recently, the Eastern District of New York listed the factors as follows:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.

Parker v. Dawson, 2007 WL 2462677 (E.D.N.Y., August 20, 2007) (citations omitted).

Balancing each of these factors is a "case-by-case determination, with the basic goal to being to avoid prejudice." Volmar, 152 F.R.D. at 39.  Here, as discussed below, addressing each of the factors  weighs heavily in favor of a stay of the civil proceedings.

**A.**    **Overlap Of The Issues and Status of Criminal Case**

The central factual inquiry in both cases will likely be Mr. Bubaris's conduct on April 28, 2007 and his interactions with Mr. Perez.  Mr. Bubaris has been indicted by the Westchester County Grand Jury and the criminal proceedings have progressed from the investigatory stage to the filing of formal charges.  "The strongest case for granting a stay is where a party under a criminal indictment is required to defend a civil proceeding involving the same matter."  Id.

Proceeding with discovery in the civil case by Mr. Bubaris would significantly impact his Fifth Amendment privilege against self-incrimination.  If discovery were to proceed, Mr. Bubaris would be forced to make the choice between waiving his Fifth Amendment privilege or being unable to effectively defend the civil suit, including the possibility of an adverse inference from his refusal.  Furthermore, discovery may force Mr. Bubaris to expose the basis of his defense to the criminal charges to the prosecution, expand the rights of criminal discovery or otherwise prejudice his defense.

**B.**    **Private Interests And Prejudice To The Parties**

The plaintiff's private interest, monetary damages for an alleged constitutional violation, do not outweigh Mr. Bubaris's Fifth Amendment interest in defending the criminal case.  "[U]nder settled authority the Fifth Amendment is the more important consideration."  Id. at 40 (citations omitted).  Furthermore, there will be no prejudice to the other parties occasioned by any delay caused by a stay because the criminal case will likely be resolved quickly and any evidence and witness information used in the criminal case will be available after the criminal matter is concluded.

*(10)*

In fact, at this point, any discovery sought from the investigating law enforcement agencies is likely to be opposed based on the law enforcement and other applicable privileges.

**C.    The Court's Interests**

The Court's interest in promoting efficient management of cases will also be served by a stay because, as noted above, much of the same evidence and testimony will be relevant to both proceedings and available to the parties after the criminal case. Thus, while there may be an immediate and short-term delay in the progress of this matter, the resolution of the criminal matter may ultimately further the Court's interest in efficient management because discovery can be streamlined, certain overlapping issues may be resolved and the possibility of a settlement is more likely where more of the facts are known to all of the parties.

**D.    Public Interest**

While the public does have an interest in the serious allegations made in this case, the same interests will be served by the criminal trial. There are no reasons that a stay of discovery would cause any harm to the public interest.

**E.    Balance Of The Factors**

The balance of each of the factors overwhelmingly supports issuing a stay of the civil case. Mr. Bubaris's Fifth Amendment privilege clearly outweighs any prejudice to the plaintiff or any other parties who have an interest in the case. In fact, a stay would promote an efficient and expeditious resolution of this case. The interests at stake favor a stay of the civil action.

*(11)*

## CONCLUSION

Based on the foregoing, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the plaintiff's Complaint should be dismissed with prejudice, along with any other and further relief that the Court deems just and proper. In the alternative, if the Complaint is not dismissed against Mr. Bubaris, it is respectfully requested that the Court stay all proceedings in this case until the criminal charges filed against Mr. Bubaris are concluded.

Dated: New York, New York
September 11, 2007

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By: _____

Lewis R. Silverman (9723)
Attorneys for Defendant,
GEORGE BUBARIS
300 East 42nd Street, 18TH floor
New York, New York 10017
(212) 599-5799
Our File No.: 1020.035

TO:    LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
Attention: Jonathan Lovett, Esq.

*(12)*

MIRANDA, SOKOLOFF, SAMBURSKY,
SLONE & VERVENIOTIS LLP
Attorneys for Co-Defendant Town of Bedford
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Attention: Steven C. Stern, Esq.

SANTANGELO RANDAZZO & MANGONE LLP
Attorneys for Co-Defendant Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Attention:   James A. Randazzo, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 11, 2007, a copy of the within

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND FOR A**

**STAY** was furnished via Regular Mail to LOVETT & GOULD, LLP, 222 Bloomingdale Road,

White Plains, New York 10605, Attention: Jonathan Lovett, Esq., MIRANDA, SOKOLOFF,

SAMBURSKY, SLONE & VERVENIOTIS LLP, 240 Mineola Boulevard, The Esposito

Building, Mineola, New York 11501, Attention: Steven C. Stern, Esq. and SANTANGELO

RANDAZZO & MANGNONE LLP, 151 Broadway, Hawthorne, New York 10532, Attention:

James A. Randazzo, Esq.


                              **RUTHERFORD & CHRISTIE, LLP**

                              By: _____
                                  Lewis R. Silverman (LS 9723)


**(14)**