UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,                    **NOTICE OF MOTION**

                         Plaintiff,

        -against-
                                                07 Civ. 4063  (CLB)

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO, and GEORGE BUBARIS, Individually,

                         Defendants.
------------------------------------------------------------------------x


        PLEASE TAKE NOTICE that, upon the accompanying Declaration of James A.

Randazzo and the exhibits annexed thereto; Memorandum of Law in Support of Defendant's

Motion to Dismiss and upon all pleadings and proceedings heretofore had herein, the defendant,

Town/Village of Mount Kisco, by its attorneys, Santangelo Randazzo & Mangone LLP, will

move this Court before the Honorable Charles L. Brieant, United States District Judge, in the

United States District Court for the Southern District of New York, located at the U.S.

Courthouse, 300 Quarropas Street, Room 218, White Plains, New York, 10601, on September

21, 2007 at 10:00 a.m. for an Order pursuant to Fed. R. Civ. P. 12 ( c),  dismissing this action in

its entirety, and for such other and further relief as this Court deems just and proper.


Dated:    Hawthorne, New York
          September 12, 2007

                              Respectfully submitted,

                              SANTANGELO RANDAZZO & MANGONE LLP

                              By
                              James A. Randazzo(0156)
                              Attorneys for Defendant-Town/Village of
                              Mount Kisco
                              151 Broadway
                              Hawthorne, New York 10532
                              (914) 741-2929


TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

       MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
       Attorneys for Defendant- Town of Bedford
       The Esposito Building
       240 Mineola Boulevard
       Mineola, New York 11501
       (516) 741-7676

       RUTHERFORD & CHRISTIE, LLP
       Attorney for Defendant- George Bubaris
       300 East 42nd Street
       New York, New York 10017
       (212) 599-5799

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,                    **DECLARATION OF**
                                                **JAMES A. RANDAZZO**

                           Plaintiff,

          -against-
                                                07 Civ. 4063  (CLB)

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO, and GEORGE BUBARIS, Individually,

                           Defendants.
--------------------------------------------------------------------------x

       JAMES A. RANDAZZO, an attorney duly admitted to practice law in the

Southern District of New York hereby affirms the following under the penalties of perjury:

       1.     I am in partner in the law firm of Santangelo Randazzo & Mangone LLP,

attorneys of record for defendant Town/Village of Mount Kisco ("Mt. Kisco").

       2.     I submit this declaration in support of defendant Mount Kisco's motion to

dismiss this action pursuant to Fed. R. Civ. P. 12( c).

       3.     Annexed hereto as Exhibit "A" is a copy of plaintiff's complaint in this

action.

       4.     Annexed hereto as Exhibit "B" is a copy of defendant Mount Kisco's

answer in this action.

5.     For the reasons set forth in the accompanying memorandum of law, defendant Town/Village of Mount Kisco respectfully submits that its motion to dismiss should be granted and the claims against the Town/Village of Mount Kisco be dismissed in their entirety.

Dated: Hawthorne, New York
         September 12, 2007

                                    YOURS, etc.,

                                    SANTANGELO RANDAZZO & MANGONE LLP

                                    By: _____
                                         James A. Randazzo (0516)
                                         Attorneys for Defendant-Town/Village of
                                         Mount Kisco
                                         151 Broadway
                                         Hawthorne, New York 10532
                                         (914) 741-2929

TO:     LOVETT & GOULD, LLP
         Attorneys for Plaintiff
         222 Bloomingdale Road
         White Plains, New York 10605
         (914) 428-8401

         MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
         Attorneys for Defendant- Town of Bedford
         The Esposito Building
         240 Mineola Boulevard
         Mineola, New York 11501
         (516) 741-7676

         RUTHERFORD & CHRISTIE, LLP
         Attorney for Defendant- George Bubaris
         300 East 42nd Street
         New York, New York 10017
         (212) 599-5799

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

                       Plaintiff,

      -against-

                                    07 Civ. 4063  (CLB)

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO, and GEORGE BUBARIS, Individually,

                    Defendants.

-------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## TOWN/VILLAGE OF MOUNT KISCO'S MOTION TO DISMISS

SANTANGELO RANDAZZO & MANGONE LLP
Attorneys for Defendant-Town/Village of
Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

Of Counsel:
James A. Randazzo (0516)

## PRELIMINARY STATEMENT

Plaintiff Anibal Esteban Javier Perez brings this action against the Town of Bedford ["Bedford"], the Town/Village of Mount Kisco ["Mount Kisco"], and Police Officer George Bubaris, an employee of Mount Kisco, asserting two causes of action for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises from the allegation that members of the Mount Kisco Police Department struck his brother and then dumped him on the shoulder of Byram Lake Road. Subsequently, plaintiff's brother died. Mount Kisco now moves to dismiss this action as plaintiff does not have standing to assert a Section 1983 claim against the Town/Village of Mount Kisco.

## STATEMENT OF FACTS

Plaintiff alleges in the complaint that Bedford and Mount Kisco have mantained a policy of "border-dumping." (Compl., ¶ 7). He asserts that this practice involves targeting "indigent male Hispanics of Guatemalan national origin, taking them into a police vehicle, transporting them across the border to the other jurisdiction, and leaving or "dumping" them in that jurisdiction. (Compl., ¶ 9).

Plaintiff claims that on April 28, 2007, between 8:30 p.m. and 8:43 p.m., Bedford police officers picked up plaintiff's brother, Rene Perez, in their police car and transported him to Mount Kisco (Compl., ¶ 9).

Plaintiff further claims that, between 11:10 p.m. and 11:35 p.m., Mount Kisco police officers (including defendant Bubaris) separately encountered Rene Perez, struck him in the abdominal area, took him into custody, transported him to a desolate area in Bedford and left him on the shoulder of Byram Lake Road. (Compl., ¶ 11). Plaintiff claims that although Rene

1

Perez was seriously injured as a result of the blow to the abdomen by Mount Kisco police officers and in dire need of emergency medical attention, they left him by the road. (Compl., ¶ 11). Shortly afterwards, he was discovered by local passers-by, and was removed to a local hospital where he died from injuries allegedly caused by the Mount Kisco police officers. (Compl., ¶ 12).

Plaintiff claims that he has been forced to suffer "the loss of his biological brother, emotional upset, anxiety, fear, and has otherwise been rendered sick and sore." (Compl., ¶ 13). As a result, plaintiff has asserted two causes of action against Mount Kisco, both alleging a voilation of plaintiff's Fourteenth Amendment rights. Significantly, the estate of Rene Perez is not a plaintiff in this action.

## STANDARD OF REVIEW

A motion to dismiss should be granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## ARGUMENT

## POINT I

### PLAINTIFF DOES NOT HAVE STANDING TO MAINTAIN A CLAIM AGAINST THE TOWN/VILLAGE OF MOUNT KISCO

To prevail in an action under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Thomas v. Roach,* 165 F. 3d 137, 142 (2nd Cir. 1999). It is axiomatic that a party does not have standing to assert the rights of others who are not parties to the action

2

*County Court of Ulster v. Allen*, 442 U.S. 140, 154-63, 99 S.Ct. 2213 (1969), including claims

on behalf of family members. *Kelly v. Rockefeller*, 69 Fed. Appx. 414 (10th Cir. 2003);

*Idemudia v. Consolidated Rail Corp.*, 36 Fed. Appx. 558 (6th Cir. 2002); *Morgan v. City of New*

*York*, 166 F. Supp. 2d 817 (S.D.N.Y. 2001). Based upon the foregoing, it is clear that to the

extent plaintiff seeks to recover for the alleged violation of his brother's civil rights, he lacks

standing to assert such claims.

Moreover, plaintiff has similarly failed to state a claim that his Fourteenth

Amendment rights have been violated because defendants allegedly caused his brother's death

and thus have violated his constitutional right to "familial association" or "familial privacy".

See generally, *Patel v. Searles,* 305 F.3d 130 (2nd Cir. 2002). Although such a right is

recognized, most Circuits Courts have declined to find a violation of the familial liberty interest

where, as here, the state action at issue was not aimed specifically at interfering with the

relationship. *Russ v. Watts*, 414 F.3d 783, 787 (7th Cir. 2005). Here, there are absolutely no

allegations that the defendants took any actions that were intentionally directed to interfere with

the plaintiff's familial relationship with the decedent. To be sure, to the extent such a claim is

recognized by the courts, it is between parents and their children in a "custodial relationship", not

between siblings, as is the case here.

In fact, similar claims have already been addressed by the Eastern District of New

York in two cases, *Pizzuto v. County of Nassau,* 240 F. Supp. 2d 203 (E.D.N.Y. 2002) and *Busch*

*v. City of New York* , 2003 WL 22171896 (E.D.N.Y. Sept. 11, 2003). Both cases involved suits

brought for the intentional wrongful deaths of family members at the hands of police or

correction officers . Both courts found that the parents of the adult decedents had no claim for

3

denial of a familial relationship.  Both cases expressly rejected the application of *Patel* to situations in which the decedent was an adult and in which there was no direct attempt by the defendants to interfere with the familial relationship.  Plaintiff's claim herein should be for the same reasons set forth in *Pizzuto* and *Busch.*

### CONCLUSION

For the foregoing reasons, defendant respectfully submits that this action be dismissed in its entirety, together with such further relief as it deems just and proper.

Dated: Hawthorne, New York
     September 12, 2007

                          Respectfully submitted,
                          SANTANGELO RANDAZZO & MANGONE LLP

                          By:
                          James A. Randazzo(0156)
                          Attorneys for Defendant-Town/Village of
                          Mount Kisco
                          151 Broadway
                          Hawthorne, New York 10532
                          (914) 741-2929

4

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on September 12, 2007, I served the within NOTICE OF MOTION, DECLARATION & MEMORANDUM OF LAW upon all parties, by mailing a copy thereof, postage prepaid, the address as provided to defendant by notification from this Court and by electronic filing:

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
Attorneys for Defendant- Town of Bedford
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676

RUTHERFORD & CHRISTIE, LLP
Attorney for Defendant- George Bubaris
300 East 42nd Street
New York, New York 10017
(212) 599-5799

James A. Randazzo (JR-0156)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

                 Plaintiff,

     -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

               Defendants.

-----------------------------------------------------------x



07 Civ.  (   )

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff ANIBAL ESTEBAN JAVIER PEREZ, by his attorneys Lovett & Gould,

LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting

from conduct jointly engaged in by Defendants while acting under color of the laws of

the State of New York, for the violation of Plaintiff's rights as guaranteed by the

Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff ANIBAL ESTEBAN JAVIER PEREZ is a domiciliary of the State of New York and a resident of the Northern Counties. He is a biological brother of Rene Perez who was the victim of an April 28, 2007, homicide.

4. Defendant TOWN OF BEDFORD, New York (hereinafter "Bedford") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Bedford and the co-defendant Town/Village of Mt. Kisco are contiguous and share a common border.

5. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is also a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

6. Defendant GEORGE BUBARIS (hereinafter "Bubaris"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Bubaris was on duty and in all respects acting under color of the laws of the State of New York. Prior to the events of April 28, 2007, as set forth *infra*, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like.

## THE FACTS

7. Bedford and Mt. Kisco have for a substantial period of time established and maintained a practice, policy and custom quaintly referred to in police parlance as "border dumping".

2

8. Border dumping, as routinely practiced by Bedford and Mt. Kisco by means of its police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities.

9. As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border,
>
> e. Dump the target and/or his body in the neighboring jurisdiction, and
>
> f. Return to their own jurisdiction without officially reporting their conduct.

10. On April 28, 2007, between 8:30 P.M. and 8:43 P.M. sworn members of the Bedford Police Department targeted Rene Perez, involuntarily took him into their custody, forced him into a police vehicle, without authority or permission transported him out of Bedford and dumped him at or about Route 117 and Main Street in Mt. Kisco. In

3

doing so those Police Officers were motivated by animus premised upon the target's national origin, skin color, and/or ethnicity.

11. On April 28, 2007, between 11:10 P.M. and 11:35 P.M. sworn members of the Mt. Kisco Police Department, including Bubaris, encountered and targeted Rene Perez (for the same reasons referenced in paragraph "10", *supra*) for a reciprocal act of border dumping. In that connection Rene Perez was:

> a. Struck in the abdominal area in connection with an unlawful "frisk" by Mt. Kisco police,
>
> b. Involuntarily taken into police custody without cause much less probable cause, thereafter,
>
> c. Forced into Bubaris' assigned police vehicle,
>
> d. Without authority or permission transported out of Mt. Kisco to a desolate location just inside the geographic boundary of Bedford (near, but just outside the geographic boundary of the Town of North Castle), and, although seriously injured due to the blow to his abdomen and in dire need of emergency medical attention,
>
> e. Intentionally dumped on the shoulder of Byram Lake Road.

12. Shortly thereafter his body was discovered by passers-by who, unlike Bubaris and/or Mt. Kisco, called for emergency medical assistance. As a result Rene Perez was removed to a local hospital where shortly thereafter he died - - a death now ruled by the Westchester County Medical Examiner to be a "homicide".

4

13. As a proximate result of Defendants' policy, practice, custom and conduct Plaintiff has been forced to suffer: the loss of his biological brother; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST ALL DEFENDANTS

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' intentional and/or reckless conduct, and the causally related death of Rene Perez, violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM
## AGAINST DEFENDANTS MT. KISCO
## AND BUBARIS

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

17. Under the premises Defendants' willful and/or reckless indifference to Rene Perez' dire medical condition and his need for emergency medical assistance proximately resulted in his death and the concomitant violation of Plaintiff's rights as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a.  Awarding as against Bedford and Mt. Kisco such compensatory damages as the jury may determine,

5

    b.  Awarding as against Bubaris such compensatory and punitive damages

        as the jury may impose,

    c.  Awarding as against all Defendants reasonable attorney's fees and

        costs,

    d.  Declaring unconstitutional and permanently enjoining border dumping

        by Bedford and Mt. Kisco, and,

    e.  Granting such other and further relief as to the Court seems just and

        proper.

Dated: White Plains, N.Y.
       May 24, 2007

                         LOVETT & GOULD, LLP
                         By:_____
                           Jonathan Lovett (4854)
                       Attorneys for Plaintiff
                       222 Bloomingdale Road
                       White Plains, N.Y. 10605
                       914-428-8401

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ANIBAL ESTEBAN JAVIER PEREZ,                          07 Civ. 4063 (CLB)

                        Plaintiffs,                    **NOTICE OF MOTION**

    -against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MT.
KISCO and GEORGE BUBARIS, individually,

                        Defendants.

-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Steven C. Stern

and the exhibits annexed thereto; the Memorandum of Law in Support of Defendant's Motion to

Dismiss; and upon all pleadings and proceedings heretofore had herein, defendant Town of

Bedford, by its attorneys, Miranda Sokoloff Sambursky Slone Verveniotis LLP, will move this

Court before Honorable Charles L. Brieant, United States District Judge, in the United States

District Court for the Southern District of New York, located at the U.S. Courthouse, 300

Quarropas Street, Room 218, White Plains, New York 10601, on **September 21, 2007 at 10:00**

**AM**, for an Order, pursuant to Fed. R. Civ. P. 12(c), dismissing this action in its entirety, and for

such other and further relief as this Court deems proper and just.

**PLEASE TAKE FURTHER NOTICE** that opposition papers are to be served at least

five (5) days prior to the return date of the motion.

DATED: Mineola, New York
    August 23, 2007

         MIRANDA SOKOLOFF SAMBURSKY
         SLONE VERVENIOTIS LLP
         Attorneys for Defendants

     By: STEVEN C. STERN (SS 2573)
        240 Mineola Boulevard
        Mineola, New York 11501
        (516) 741-7676
        Our File No.: 07-414

TO:

   LOVETT & GOULD
   Attorneys for Plaintiff
   Anibal Esteban Perez
   222 Bloomingdale Road
   White Plains, New York 10605

   RUTHERFORD & CHRISTIE
   Attorneys for Defendant George Bubaris
   300 East 42nd Street
   New York, New York 10017

   SANTANGELO RANDAZZO & MANGNONE LLP
   Attorneys for Defendant Town/Village of Mount Kisco
   151 Broadway
   Hawthorne, New York 10532

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANIBAL ESTEBAN JAVIER PEREZ,                          07 Civ. 4063 (CLB)

                                                     **DECLARATION OF**
                              Plaintiffs,             **STEVEN C. STERN**

            -against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MT.
KISCO and GEORGE BUBARIS, individually,


                              Defendants.
-------------------------------------------------------------------X

        STEVEN C. STERN, an attorney duly admitted to practice law in the Southern District

Court of New York hereby affirms under the penalties of perjury, the following.

        1.      I am a partner in the law firm of Miranda Sokoloff Sambursky Slone Verveniotis

LLP, attorneys of record for defendant Town of Bedford.

        2.      I submit this declaration in support of defendant Town of Bedford's motion to

dismiss this action, pursuant to Fed. R. Civ. P. 12(c).

        3.      Annexed hereto as Exhibit "A" is a copy of plaintiff's complaint in this action.

        4.      Annexed hereto as Exhibit "B" is a copy of defendant Town of Bedford's answer in

this action.

        5.      For the reasons set forth in the accompanying memorandum of law, defendant Town

of Bedford respectfully submits that its motion to dismiss should be granted and the claims against

the Town of Bedford dismissed in their entirety.

Dated:  Mineola, New York
        August 23, 2007



STEVEN C. STERN [SS 2573]
Miranda Sokoloff Sambursky
Slone Verveniotis LLP
Attorneys for defendant
TOWN OF BEDFORD
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-277

2

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

          Plaintiff,

     -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

          Defendants.

------------------------------------------------------------x



07 Civ.  (  )

**COMPLAINT**

**BRIEANT**

**Jury Trial Demanded**

**07 CIV. 4063**

Plaintiff ANIBAL ESTEBAN JAVIER PEREZ, by his attorneys Lovett & Gould,

LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, proximately resulting

from conduct jointly engaged in by Defendants while acting under color of the laws of

the State of New York, for the violation of Plaintiff's rights as guaranteed by the

Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

    2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff ANIBAL ESTEBAN JAVIER PEREZ is a domiciliary of the State of New York and a resident of the Northern Counties. He is a biological brother of Rene Perez who was the victim of an April 28, 2007, homicide.

4. Defendant TOWN OF BEDFORD, New York (hereinafter "Bedford") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Bedford and the co-defendant Town/Village of Mt. Kisco are contiguous and share a common border.

5. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is also a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

6. Defendant GEORGE BUBARIS (hereinafter "Bubaris"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Bubaris was on duty and in all respects acting under color of the laws of the State of New York. Prior to the events of April 28, 2007, as set forth *infra*, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like.

## THE FACTS

7. Bedford and Mt. Kisco have for a substantial period of time established and maintained a practice, policy and custom quaintly referred to in police parlance as "border dumping".

2

8. Border dumping, as routinely practiced by Bedford and Mt. Kisco by means of its police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities.

9. As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border,
>
> e. Dump the target and/or his body in the neighboring jurisdiction, and
>
> f. Return to their own jurisdiction without officially reporting their conduct.

10. On April 28, 2007, between 8:30 P.M. and 8:43 P.M. sworn members of the Bedford Police Department targeted Rene Perez, involuntarily took him into their custody, forced him into a police vehicle, without authority or permission transported him out of Bedford and dumped him at or about Route 117 and Main Street in Mt. Kisco. In

3

doing so those Police Officers were motivated by animus premised upon the target's national origin, skin color, and/or ethnicity.

11. On April 28, 2007, between 11:10 P.M. and 11:35 P.M. sworn members of the Mt. Kisco Police Department, including Bubaris, encountered and targeted Rene Perez (for the same reasons referenced in paragraph "10", *supra*) for a reciprocal act of border dumping. In that connection Rene Perez was:

        a. Struck in the abdominal area in connection with an unlawful "frisk" by Mt. Kisco police,

        b. Involuntarily taken into police custody without cause much less probable cause, thereafter,

        c. Forced into Bubaris' assigned police vehicle,

        d. Without authority or permission transported out of Mt. Kisco to a desolate location just inside the geographic boundary of Bedford (near, but just outside the geographic boundary of the Town of North Castle), and, although seriously injured due to the blow to his abdomen and in dire need of emergency medical attention,

        e. Intentionally dumped on the shoulder of Byram Lake Road.

12. Shortly thereafter his body was discovered by passers-by who, unlike Bubaris and/or Mt. Kisco, called for emergency medical assistance. As a result Rene Perez was removed to a local hospital where shortly thereafter he died - - a death now ruled by the Westchester County Medical Examiner to be a "homicide".

4

13. As a proximate result of Defendants' policy, practice, custom and conduct Plaintiff has been forced to suffer: the loss of his biological brother; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST ALL DEFENDANTS

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' intentional and/or reckless conduct, and the causally related death of Rene Perez, violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM
## AGAINST DEFENDANTS MT. KISCO
## AND BUBARIS

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

17. Under the premises Defendants' willful and/or reckless indifference to Rene Perez' dire medical condition and his need for emergency medical assistance proximately resulted in his death and the concomitant violation of Plaintiff's rights as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

      a. Awarding as against Bedford and Mt. Kisco such compensatory damages as the jury may determine,

5

b. Awarding as against Bubaris such compensatory and punitive damages
as the jury may impose,

c. Awarding as against all Defendants reasonable attorney's fees and
costs,

d. Declaring unconstitutional and permanently enjoining border dumping
by Bedford and Mt. Kisco, and,

e. Granting such other and further relief as to the Court seems just and
proper.

Dated: White Plains, N.Y.
          May 24, 2007

                                        LOVETT & GOULD, LLP
                                        By:_____
                                              Jonathan Lovett (4854)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401

6

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

**ANSWER**

ANIBAL ESTEBAN JAVIER PEREZ,

                    Plaintiff,                    07 Civ. 4063 (CLB)

          -against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO and GEORGE BUBARIS, individually,
                    Defendants.

----------------------------------------------------------------------x



defendant TOWN/VILLAGE OF MOUNT KISCO, by its attorneys, SANTANGELO

RANDAZZO & MANGONE LLP, say:

## NATURE OF ACTION

1.      The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.  Further, defendant

denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

## JURISDICTION

2.      The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.

## THE PARTIES

3.      Defendant denies knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "3" of plaintiff's complaint.

4.      Defendant admits the allegations contained in paragraph "4" of the

plaintiff's complaint.

5.    Defendant admits the allegations contained in paragraph "5" of the plaintiff's complaint.

6.    Defendant admits the allegations contained in paragraph "6" of the plaintiff's complaint that defendant George Bubaris was a police officer employed by the Village of Mt. Kisco but denies that prior to the events of April 28, 2007,  Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like and refers all other questions of law to this Honorable Court.

## THE FACTS

7.    Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint.

8.    Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint.

9.    Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint.

10.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

11.    Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of plaintiff's complaint.

13.    Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

## ANSWERING A FIRST CLAIM

14.     Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-13 of this Answer with the same force and effect as if set forth more fully at length herein.

15.     Defendant denies the allegations contained in paragraph "15" of the plaintiff's complaint.

## ANSWERING A SECOND CLAIM

16.     Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-13 of this Answer with the same force and effect as if set forth more fully at length herein.

17.     Defendant denies the allegations contained in paragraph "17" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     Any conduct which is alleged by plaintiff is ***de minimis*** and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     Any harm which came to Rene Perez was a direct and proximate result of his own actions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the Town/Village of Mount Kisco, and thus the action against the Town/Village must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Insofar as plaintiff seeks to impose liability to defendant Town/Village of Mount Kisco simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Plaintiff lacks standing to assert any Section 1983 claims on behalf of his brother.

**W H E R E F O R E,** the defendant prays judgment that the complaint of the

plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees

awarded to defendant.

Dated: Hawthorne, New York          Yours, etc.,
      July 13, 2007

                              SANTANGELO RANDAZZO & MANGONE LLP

                              By: _____
                              James A. Randazzo(0156)
                              Attorneys for Defendants-Town/Village of

                              151 Broadway
                              Hawthorne, New York 10532
                              (914) 741-2929

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        MIRANDA, SOKOLOFF, SAMBURSKY, SLONE & VERVENIOTIS LLP
        Attorneys for Defendant-Town of Bedford
        240 Mineola Boulevard
        The Esposito Building
        Mineola, New York 11501
        (516) 741-7676

        RUTHERFORD & CHRISTIE
        Attorneys for Defendant-George Bubaris
        300 East 42nd Street
        18th Floor
        New York, New York 10017
        (212) 599-5799