UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANIBAL ESTEBAN JAVIER PEREZ,

                Plaintiff,

   -against-                               07 Civ. 4063 (CLB)

TOWN BEDFORD, TOWN/VILLAGE        AFFIRMATION IN OPPOSI-
OF MT. KISCO, and GEORGE BUBARIS,   TION TO MOTION TO QUASH
individually,                               NON-PARTY WITNESS
                                                      SUBPOENA FOR EDWARD W.
                        Defendant.         HAYS, ESQ.

------------------------------------------------------------x

      Jonathan Lovett, an attorney duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms under penalty of perjury that the following statement is true:

      1. I am counsel to Plaintiff herein and submit this affirmation in opposition to Defendant Bubaris' bald and conclusory motion to quash a subpoena issued by Plaintiff to Edward W. Hays, Esq.

      2. On the basis of the hearsay allegations of Defendant's attorney in this case the instant motion is allegedly intended to "prevent the testimony of Mr. Hayes on the basis that any information possessed by Mr. Hayes is protected by the attorney-client privilege" (Silverman declaration at 2).

      3. Ostensibly in support of that application movant submits a memorandum of law that is completely devoid of any citation to facts, much less to the declaration/affidavit of anyone - - including anyone who claims to have any knowledge of the "facts" conclusorily asserted in that memorandum.

1

4. During the criminal prosecution of Defendant, who was recently acquitted on all state charges, Defendant's former attorney (Hays) repeatedly (both before and after his representation of Mr. Bubaris) made public statements to the media manifestly intended to exculpate Bubaris with respect to the more serious state law criminal charges. In that connection your affiant has watched media interviews of Hayes in which he has publicly proclaimed that Defendant Bubaris admittedly transported Decedent Rene Perez in his police vehicle and dumped him on Byram Lake Road - - a material issue for the jury's determination in this federal civil rights action.

5. In that connection your affiant has read at least two written media accounts in which Hays publicly reiterated Bubaris' assertion: that Decedent asked him for a ride to Byram Lake Road; Bubaris accommodated Decedent; and drove him in his police vehicle to Byram Lake Road where Perez was abandoned. Most recently and following Bubaris' acquittal, Hays without any apparent objection by Bubaris and/or his most recent criminal defense attorney and/or his counsel in this action, gave an extensive interview to The Journal News in which he reiterated obvious admissions made by Bubaris to him including: Bubaris claim that he had been asked by Decedent for a ride; Bubaris' agreement to give Decedent a ride; and Bubaris' transport of Decedent to Byram Lake Road - - where he shortly thereafter was found mortally injured by passers-by. A copy of The Journal News article embodying Hay's statements is annexed hereto.

6. Under the circumstances movant's application should be denied since: i) it is made on the basis of unsworn "facts" incorporated conclusorily in a memorandum of law; no admissible evidence regarding those "facts", much less regarding the claim that whatever Hays publicly stated was not authorized by Bubaris has been offered as

2

required by the Federal Rules; the "privileged" supposed communications have repeatedly been publicly made by Bubaris' former attorney without any apparent attempt by him or anyone on his behalf claiming that the statements were impermissible by reason of the attorney-client privilege; and no claim is presently made, other than in conclusory/hearsay "fact" assertions in a memorandum of law that the at-issue public statements of Hayes were not agreed to by Bubaris and his trial counsel as a part of their trial strategy.

7. Against this background it is submitted that the legal arguments advanced by Bubaris on this motion are irrelevant since there is no factual basis upon which any of those arguments can be predicated.

WHEREFORE the motion to quash should be denied.

Dated: White Plains, N.Y.
       June 26, 2008

_____
Jonathan Lovett (4854)

# The Journal News

Thursday, June 19, 2008

## Bubaris' former lawyer assails M.E.

### Ex-attorney says cop should have faced suspension, not trial

Shawn Cohen and Jorge Fitz-Gibbon
The Journal News

George Bubaris' former lawyer said the ex-police officer should have faced no more than a suspension for driving Rene Perez to the lakeside road where he was later found dying. Attorney Ed Hayes accused the Westchester medical examiner of a "misuse of public office" by ruling that Perez's death last year was a homicide.

"The worst that George did is something that you would suspend the guy for two weeks or 30 days," Hayes said yesterday, a day after the former Mount Kisco officer was acquitted of homicide charges in Perez's death.

Bubaris, 31, had been indicted on a charge of second-degree manslaughter in Perez's early morning death on April 29, 2007. The jury at his trial was also allowed to consider negligent homicide charges — but Bubaris was found not guilty on Tues-

**Inside**
- Editorial, 6B

Please see BUBARIS, 8A

## Bubaris' ex-attorney lauds acquittal, criticizes M.E.

BUBARIS, from 1A

day of both charges.

Perez, 42, was found mortally injured on Byram Lake Road in Bedford, less than an hour after Bubaris and two other officers responded to his drunken 911 call from a coin-operated laundry.

Hayes told The Journal News earlier this year that Perez had asked Bubaris to take him out to the lakeside road on the night of April 28, 2007, because he wanted to avoid a man he had threatened with a knife a couple of days earlier. Hayes expanded on those comments yesterday.

"The guy wanted to go there," he said. "That's the best place to sleep. It's the Ritz Carlton of homelessness. You go out there and you sleep. Nobody's going to bother you. It's relatively clean. You don't have the rats and excrement. You want to go to the bathroom, you can go to the bathroom by yourself."

Andrew Quinn, who represented Bubaris at the trial, has never conceded to jurors that Bubaris drove Perez to the lake.

Instead, Quinn argued — successfully — that Westchester prosecutors failed to prove any wrongdoing by his client.

Despite the acquittal, Bubaris still faces several legal obstacles.

Federal prosecutors said this week that they would review the case to determine if the U.S. Attorney's Office should initiate its own criminal probe. Bubaris, who resigned from his Mount Kisco job in March, is named in a multimillion-dollar wrongful death lawsuit filed last year in U.S. District Court in White Plains by Perez's brother, Anival Perez.

In a statement late Tuesday, the community advocacy group Hispanics Across America called the verdict "very disappointing" and a "travesty of justice."

"This is exactly what we were afraid of and why our organization works to raise awareness on behalf of Hispanics across this nation," the group's president, Fernando Mateo, said in the statement. "Where is the justice? This man was the victim of a rogue police officer, who admittedly went hunting for him. And now his family and his memory have been victimized again by the system that was supposed to protect him."

In her own statement Tuesday, Westchester District Attorney Janet DiFiore said only that "we accept and respect the jury's verdict in this case and we thank the jurors for their service."

Bubaris has yet to speak publicly about the verdict.

Yesterday, Hayes said he called the former officer to congratulate him on his acquittal. He said "Bubaris was very, very unfairly treated" in the case, and took issue with Dr. Millard Hyland, the Westchester medical examiner who ruled the death a homicide.

Hayes said there was no way for Hyland to know for certain how Perez sustained his fatal abdominal injury. The drunken vagrant could have fallen on a tree stump at the lake, or it could have happened earlier in the evening, Hayes said.

"The M.E.'s report should have been inconclusive from day one," he said, arguing Hyland "clearly had a politically motivated finding in this case. That, I think, is genuinely a misuse of public office."

Hayes said Hyland might have felt compelled to issue a decisive ruling because he had been criticized in the past for inconclusive findings in similar cases.

Westchester County officials did not return calls seeking comment.

Reach Shawn Cohen at spcohen@lohud.com or 914-694-5046.

# The Journal News

Saturday
January 19, 2008

## Lawyer: Cop took Perez to lake



Mike Roy/The Journal News
Mint Kisco Police Officer George Bubaris, center, charged in the death of immigrant Rene Javier Perez, leaves the courthouse in White

# Activists assail Bedford police for jokes about dying man

Shawn Cohen and Jorge Fitz-Gibbon
The Journal News

MOUNT KISCO — A village cop charged in the death of a homeless immigrant drove the victim to a desolate road where he was later found dying, the officer's lawyer revealed yesterday.

Attorney Edward Hayes told The Journal News that embattled Police Officer George Bubaris drove Rene Javier Perez to Byram Lake Road because Perez wanted to avoid a man h'd threatened with a knife days earlier.

"I personally think we shouldn't contest the fact that he took him to the lake, because there's nothing wrong with that," Hayes said. "Even under their (prosecutors') theory, Perez says, 'Take me to the lake.' And so he (Bubaris) said, 'I'll take you to the lake.'"

Also yesterday, furor grew over the release of Bedford police tapes that have officers there laughing about Perez's looming death. CBS-TV aired tapes — later obtained by The Journal News — of two Bedford police sergeants and an unidentified caller joking while Perez was at Westchester Medical Center in Valhalla.

In the first of two calls early on April 29, Sgt. Matthew Dunn expresses surprise when the caller informs him Perez is still alive.

"What's really funny?" Dunn asks, and the caller replies, "He's back."

"He's alive?" Dunn asks, then later adds, "I thought they pronounced him (dead)."

"They did," the caller responds with a laugh. "They're in there seeing him off."

The release of the tape prompted a Hispanic activist yesterday to demand that Bedford Police Chief Christian Menzel either punish the two sergeants — or resign.

Fernando Mateo of Irvington, president of Hispanics Across America, also called for a Town Hall meeting to discuss bias against minorities by both departments.

"This behavior by police officers is despicable," Mateo said at a news conference outside Bedford police headquarters. "To be this callous and unfeeling about the death of a troubled 42-year-old man is alarming, to say the least."

Menzel declined to comment.

Bedford detectives led the investigation into Perez's death, but the Westchester County District Attorney's Office later took the lead in the probe.

Bubaris, 31, is charged with second-degree manslaughter and related charges in Perez's death.

The 42-year-old immigrant was found mortally injured April 28 on Byram Lake Road in Bedford less than an hour after Mount Kisco police responded to Perez's drunken 911 call from a village laundry.

The investigation focused on the three officers who responded — Bubaris, Lt. Edward Dunnigan and Officer Edward Dwyer. It concluded Sept. 4 when Bubaris was indicted by a Westchester grand jury.

Hayes said Perez wanted to get out of the downtown because he had chased another man with a knife two or three days earlier.

"There's a police report that he (Perez) was chasing some guy around with a knife, probably another homeless guy," Hayes said. "So, obviously, if he's going to sleep in town and the guy he's chasing finds him, he's probably going to beat his (Perez's) brains out. So, of course, he didn't want to sleep in town."

According to Hayes, Perez was dressed warmly that night because he was preparing to sleep outside at the lake. Hayes said Bubaris dropped him off on the Mount Kisco side of the border with Bedford. Perez was found on the Bedford side.

Mount Kisco Mayor Michael Cindrich said he was surprised by Hayes' statements.

"I guess all of these are defense strategies," Cindrich said. "How can I comment? I don't know what the truth is. I think everybody in Mount Kisco just wants the truth to be told."

Jonathan Lovett, a White Plains attorney who represents Perez's brother in a federal wrongful-death lawsuit, said he wasn't surprised that Hayes conceded that Bubaris drove Perez to the lake.

He said that court records released last year in Bubaris' case had suggested as much.

"He told his brother officers about going to hunt Perez, taking him out there and dumping him," Lovett said. "So it's a no-brainer to concede that."

Lovett also said he was outraged after hearing the tape of Bedford police joking about Perez on the night he was found.

"The notion that a human being is the subject of laughter when they're dying or dead is despicable," he said.

Reach Shawn Cohen at spcohen@lohud.com or 914-694-5046.

Please see POLICE, 8A

POLICE from 1D

**On LoHud**
- Video: New revelations in the Perez case.
- Forum: Join the conversation on the case in the "Westchester" forum.

LoHud.com



Sources: police records from Bedford, Mount Kisco and North Castle
Research and reporting by Jorge Fitz-Gibbon
Graphic by Chris Brown/The Journal News