UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

                    Plaintiff,

       -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

                    Defendants.
------------------------------------------------------------X

07 CIV 4063 (CLB)

**REPLY IN FURTHER SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER**

      **LEWIS R. SILVERMAN,** an attorney duly licensed to practice law in the United States District Court for the Southern District of New York, hereby deposes and says, subject to the penalties of perjury:

      1.     I am a member of the law firm of RUTHERFORD & CHRISTIE, LLP attorneys for Defendant, GEORGE BUBARIS ("Defendant"). As such, I am fully familiar with the facts and circumstances of this matter based upon my review of the file maintained by my office.

      2.     I respectfully submit this reply to plaintiff's opposition and in further support of defendant's a) Motion, pursuant to Fed. R. Civ. Pro. 45(3)(iii) to Quash the plaintiff's subpoena for the production of Edward W. Hayes, Esq.; b) for a protective order, pursuant to Fed. R. Civ. Pro. 26 (c)(1)(A) to prevent the testimony of Mr. Hayes on the basis that any information possessed by Mr. Hayes is protected by attorney-client privilege and for such other and further relief as this Court deems just and proper.

      3.     First, plaintiff alleges the defendant's motion papers are "devoid of any citation to facts" and are based upon "hearsay allegations" yet the entire Affirmation in Opposition is based

upon hearsay. Plaintiff claims the defendant and his criminal attorney did not object to the statements made by Edward Hayes to the media but there is no evidence put forth to support this contention. Further, plaintiff submits two newspaper articles written by a third-party as probative of a waiver of the attorney-client privilege.

4.  Defendant retained the services of Mr. Hayes shortly after he was arrested in September 2007. (Bubaris Aff. ¶2). Defendant met with Mr. Hayes on several occasions to discuss confidential matters related to his defense. (Bubaris Aff ¶2). At all times during these conversations, defendant was assured the communications were confidential. Id.

5.  In February 2008, defendant learned of a statement made to the media by Mr. Hayes. (Bubaris Aff ¶3). The defendant confronted Mr. Hayes and advised him that such communications were not authorized by him. (Bubaris Aff ¶4). He instructed Mr. Hayes to not discuss any factual allegations or issues relating to the pending criminal matter. Id. Shortly thereafter, the defendant terminated Mr. Hayes' legal representation. (Bubaris Aff ¶5).

6.  Mr. Hayes contacted the defendant on June 18, 2008; the day after he was acquitted of all criminal charges. (Bubaris Aff ¶6). At no point during this conversation did the defendant authorize any statements to be made by Mr. Hayes on his behalf with respect to the case. Id. At no point during this conversation did Mr. Hayes indicate he would make a statement to any media outlet with respect to this matter. Id.

7.  Unbeknownst to the defendant, Mr. Hayes made an unauthorized statement to the media. (Bubaris Aff ¶8). Once notified, the defendant immediately contacted Mr. Hayes and once again instructed him to not have any communications with anyone, including the media, on his behalf. Id.

8. Clearly, this is a different account from plaintiff's haphazard argument that the defendant did not have "any apparent objection" to the statements made by Mr. Hayes. (Pl Aff ¶5). Plaintiff cannot expect the Court to believe that the defendant, who was on trial for Manslaughter, did not have any objections to statements made by Mr. Hayes. The criminal matter generated extensive media coverage and just because the defendant did not "publicly" object to the statements does not, in any way, infer authorization or consent.

9. Plaintiff's opposition is devoid of **any** legal authority to support that the statements made by Mr. Hayes to the media are considered a waiver of the attorney-client privilege. His opposition also fails to distinguish the cases cited by your affiant. The law is quite clear. The attorney-client privilege lies with the client, not the attorney and only the client may waive the privilege. See, Bulow v. Bulow, 828 F.2d 94, 100 (2d Cir. 1987). An attorney cannot waive the privilege without the client's consent. Id.

10. Therefore, as there is no legal basis to support the production of the defendant's former criminal attorney for a deposition, plaintiff's subpoena should be quashed and a protective order should be issued as a matter of law.

Dated: New York, New York
June 30, 2008

Respectfully submitted,

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS-9723)
Julie A. Rivera (JR-1817)
Attorneys for Defendant,
GEORGE BUBARIS
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Our File No.: 1020.035

TO:   LOVETT & GOULD, LLP
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York 10605
      (914) 428-8401
      Attention: Jonathan Lovett, Esq.

      SANTANGELO RANDAZZO & MANGNONE LLP
      Attorney for Co-Defendant Town/Village of Mount Kisco
      151 Broadway
      Hawthorne, New York 10532
      (914) 741-2929
      Attention:   James A. Randazzo, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 30, 2008, a copy of the within **REPLY IN FURTHER SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER and REPLY DECLARATION IN FURTHER SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER** was furnished via Regular Mail to LOVETT & GOULD, LLP, 222 Bloomingdale Road, White Plains, New York 10605, Attention: Jonathan Lovett, Esq. and SANTANGELO RANDAZZO & MANGNONE LLP, 151 Broadway, Hawthorne, New York 10532, Attention: James A. Randazzo, Esq.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
Lewis R. Silverman (LS 9723)