UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

                                            07 CIV 4063 (CLB)

                                            AFFIDAVIT IN SUPPORT
                                            OF MOTION TO QUASH AND
                                            FOR PROTECTIVE ORDER

                    -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
Individually,
                            Defendants.
------------------------------------------------------------------x

                    **George Bubaris, being duly sworn, deposes and says:**

                1.        I am one of the named defendants in the above captioned matter, and I submit this Affidavit in Support of a Motion to Quash and for a Protective Order, seeking to prevent the testimony of Edward W. Hayes, Esq., an attorney who formerly represented me in a related criminal matter, on the grounds that any testimony given by Mr. Hayes would disclose otherwise privileged communications and would violate the attorney client privilege.

                2.        On or about September 2007, I was arrested by members of the Westchester County District Attorney's Office and charged with, *inter alia*, Manslaughter in the Second Degree and related crimes. The charges stemmed from an investigation into the death of Rene Javier Perez on April 29, 2007. Shortly before my arrest, I retained the services of Edward W. Hayes to represent me in that criminal matter. In accordance therewith, I met with Mr. Hayes on several occasions and discussed certain confidential matters related to my defense. During those conversations, I was assured by Mr. Hayes that any and all communications between us would be kept secret and confidential pursuant to the attorney-client privilege.

3. On or about February 2008, I was advised that Mr. Hayes [made] certain unauthorized statements to a reporter with the Journal News, wherein Mr. Hayes stated "I personally think we shouldn't contest the fact that he took him [Perez] to the lake, because there is nothing wrong with that. Even under their theory, Perez says 'take me to the lake' and he [Bubaris] said 'I'll take you to the lake'". At no time did I authorize Mr. Hayes to disclose to anyone any information which he believed was communicated by me during our attorney client relationship. I was unaware at the time that Mr. Hayes would make this statement to the media.

4. Immediately upon learning that Mr. Hayes had made the above referenced statement to the media, I communicated with him directly and instructed him that he was not authorized, under any circumstances, to disclose for any reason any conclusions, inferences, or beliefs he may have held regarding this matter based on our confidential communications. I very clearly expressed my extreme displeasure with Mr. Hayes for making the above referenced statement to the media, and emphatically instructed him not to discuss any factual allegation or issue relating to this criminal matter with anyone.

5. Thereafter, in March, 2008 I terminated the services of Mr. Hayes and retained the services of Andrew C. Quinn, Esq. I notified Mr. Hayes via telephone that I would no longer require his services as his attorney. During that conversation, I again reiterated my displeasure with Mr. Hayes' comments to the media, and instructed him that he was not authorized to speak with anybody regarding this case and/or to disclose any conclusions, inferences, or beliefs he may have held regarding the facts of this case based upon my privileged conversations with him.

6. On June 17, 2008 I was acquitted of all charges following a trial in Westchester County Court held before AJSC Lester B. Adler. The acquittal generated a tremendous amount of media.

7. On June 18, 2008, I received a congratulatory phone call from Mr. Hayes. At no timed during that short conversation did Mr. Hayes suggest that he would communicate with the media, nor did I authorize him to speak with anybody regarding my case or disclose any information regarding the facts of this case.

8. On June 19, 2008 at approximately 9:00 am, I was advised that Mr. Hayes had again made unauthorized and unsubstantiated statements to the Journal News regarding the facts of this case. I was unaware that Mr. Hayes was going to communicate with the media before he did so; he did not advise me during our telephone conversation on June 18, 2008 that he had or would communicate with the media. Had I possessed any reason to believe that Mr. Hayes intended to communicate with anyone regarding this case, particularly the media, I would have once again instructed him that he was not authorized to do so. I immediately telephoned Mr. Hayes, and essentially berated him for once again making unauthorized and inaccurate statements to the media which appeared to be based upon his interpretation of the events relating to the death of Rene Perez which were discussed with me during our confidential attorney-client meetings. I again emphatically instructed Mr. Hayes that he was not authorized to disclose any information or make any statements to the media or anyone else on my behalf, or to make any statements which appeared or could appear to be based upon any communications we had during our attorney-client relationship.

9. At no time did I authorize Mr. Hayes to disclose any information that was provided by me to him while he represented me as an attorney. Moreover, conclusions.

theories, interpretations and inferences drawn by Mr. Hayes based upon our conversations were not authorized to be disclosed.

                                         _____
                                         George Bubaris

Sworn to before me this 27th
day of June, 2008

_____
Notary Public

MARSHALL L. GOLDSTEIN
Notary Public, State of New York
No. 6580103,
Qualified in Westchester County
Commission Expires 2/28/11